## Thomas R. Rich *vs.* James Boyce.

*Art. 75, sec. 69, of the Code of Pub. Genl. Laws—Refusal to remand a Removed Case for Correction of defect in the record—Pleading: Objection to misnomer must be by Plea in abatement—What sufficient description of a Note in pleading—Evidence to Contradict or vary a written Contract not allowable—Demand not necessary before instituting suit on Note overdue—Offer to return Stock, pledged to secure such Note not necessary before suit.*

Motion for judgment by default under the provisions of Art. 75, sec. 69, of the Code of Pub. Genl. Laws, overruled.

Motion to remand a record in a removed case because the recital at the beginning of the record stated that the writ was sued out by the defendant, overruled.

The *narr.* in this case did not give the surname of the defendant, but only his first Christian name and the initials of his middle name. In the affidavit (Act 1864, ch. 6,) appended to the *narr.* the defendant's name was given in full. He appeared to the suit; pleaded, and filed several papers in the case giving his name in full and describing himself as said defendant. Held:

1st. That the defendant was estopped from setting up the misnomer in the *narr.*

2nd. That objection to such misnomer could only be taken by plea in abatement, and not by demurrer.

A promissory note contained a recital that it was secured by 300 shares of stock in a certain company. Suit was brought on it, and in the *narr.* was described by its obligatory parts, and no reference was made to this recital. Objection was made to the admission of the note in evidence, on the ground of variance between it and the one described in the *narr.* Held:

That the note was admissible.

B. a broker, loaned R. a sum of money for which he took his note. B. also took from R. a certificate of stock of a railroad company as a pledge to secure

Rich *vs.* Boyce.

the loan. The face of the certificate declared that it was "transferable only in person or by attorney on the books of the said company on return of this certificate." On it was endorsed a power of attorney executed by R. authorizing B. to have the stock transferred to his own (B's) name on the books of the company. B. two days after the loan and before the maturity of the note, surrendered the certificate to the company, and a new certificate was issued to him in his own name. The note falling due B. sued R. on it. HELD :

1st. That the surrender and re-issuing of the stock was not a conversion of it by B. which would make him liable to R. for its value, but was a transfer in conformity with the certificate and power of attorney; and evidence offered by the defence of its value at the time of such transfer was not admissible.

2nd. That the certificate and power of attorney authorized the surrender and re-issue, and evidence to show that R. had not authorized B. to surrender the certificate to the company was inadmissible—nor was a prayer to the effect that there was no evidence of such authority allowable.

3rd. That evidence of a custom in Baltimore (where the parties resided) among brokers that a pledgee has no right to surrender pledged stock, and have re-issues in his own name, but must retain the identical stock until default or return it, if there was no default, is inadmissible.

4th. That on default it was not necessary for B. to make demand for the payment of the note or to offer to return the stock before instituting suit : and evidence that there had been no such demand or proffer was inadmissible.

APPEAL from the Circuit Court for Howard County.

On the 18th June, 1870, Thomas R. Rich borrowed from James Boyce $4,500, and gave him his promissory note, which was in the following terms :

BALTIMORE, *June 18th*, 1870.
(U. S. Rev. Stamp, $2.50.)
$4.500.

Ninety days after date, I promise to pay to the order of myself forty-five hundred dollars, secured by 300 shares Parkersburg Branch R. R. Co. stock, with authority to sell, if not paid at maturity. Value received. T. R. RICH.

Endorsed : T. R. RICH.

Rich *vs.* Boyce.

These 300 shares of stock were represented by a certificate of stock numbered 727. The certificate was handed to Boyce. On it was endorsed a power of attorney signed by Rich, authorizing Boyce to have it transferred to his own name on the books of the Company. On the 20th of June, 1870, Boyce delivered the certificate, (No. 727,) to John L. Crawford, the Treasurer of the Company, and received therefor a certificate made out in his own name for 300 shares, and numbered 747, as follows:

Number 747.                                                           Shares 300.
*Parkersburg Branch Rail Road Company.*
This certifies that James Boyce is owner of three hundred shares of the
capital stock of the Parkersburg Branch Rail Road Com-
(U. S. Int. Rev.      pany, transferable only in person or by attorney, on the
Stamp, 25 cents.)  books of the said Company, on return of this certificate.
In testimony whereof, the said Company have caused their seal to be affixed
to this certificate, and the same to be signed by their Pre-
(Seal's Place.)    sident, and countersigned by their Treasurer, at Parkers-
burg, W. Va., this 20th day of June 1870.
                                                P. G. VAN WINKLE,
                                                              President.
JNO. L. CRAWFORD,
          . Treasurer.

The note not having been paid at maturity, suit was instituted in the Superior Court of Baltimore City, by Boyce against Rich, on the 12th November, 1870.

The declaration contained the common counts and a special count in the following words :

7th. That the defendant on the 18th day of June, 1870, by his promissory note now over-due, promised to pay to the order of himself, and he endorsed the same to the plaintiff, $4,500, ninety days after date, but did not pay the same.

To the declaration was appended the promissory note and an affidavit under the Act of 1864, ch. 6. Only the first Christian name and initial letter of the defendant's middle name (Thomas R.,) was given in the declaration, but the name appeared in full, (Thomas R. Rich,) in the affidavit. The defendant pleaded that he never was in-

Rich *vs.* Boyce.

debted as alleged, and made oath to his plea as required by the Act of 1864, ch. 6. The case was, on the 6th of April, 1871, on affidavit and suggestion of the defendant, removed to the Circuit Court for Howard County. The transcript of the record sent to. Howard County recited in the beginning that Thomas R. Rich had sued out the writ instead of James Boyce. A plea of set-off was filed in Howard county, and the plaintiff demanded the particulars of the set-off. In response, the defendant exhibited a claim for 300 shares of Parkersburg Branch R. R. Company stock, valued at $15,000. Issue was joined. On the 2nd of April, 1872, the defendant filed in the Circuit Court for Howard County a bill of discovery, with interrogatories to Boyce attached. On the 6th of April, 1872, an answer was filed to the bill of discovery, and on the 10th of the same month an additional answer was filed. The case was called for trial April 10th, 1872.

*First Exception.*—The defendant then moved the Court to give judgment by default in his favor, under Art. 75, sec. 69 of the Code of Public General Laws, because the answer to the bill of discovery was insufficient. The Court overruled the motion, and the defendant excepted.

[The Reporter does not think it necessary to set out the bill, interrogatories and answers.]

*Second Exception.*—The defendant then moved to remand the transcript of the Record to the Superior Court of Baltimore city for correction, on the ground that it appeared by the transcript that *Thomas R. Rich, the defendant,* sued out the writ. This motion the Court, (HAMMOND, J.,) overruled, and the defendant excepted.

*Third Exception.*—The defendant then withdrew the pleas filed in the case, and demurred to the declaration on the ground that it no where set forth the defendant's name. This the Court overruled and the defendant excepted.

*Fourth Exception.*—The defendant then moved that judgment be entered for the defendant, because of the insufficiency of the answer of the plaintiff to the interrogatories filed by defendant on the 2nd of April, 1872, under the provisions of the Code, Art. 75, sec. 69. This motion the Court overruled and the defendant excepted.

*Fifth Exception.*—The plaintiff then offered in evidence the promissory note, set out above.

To its admissibility the defendant excepted, because the note so offered in evidence varied from, and was a different note from the one specified and described in the declaration. This objection the Court overruled, and the defendant excepted.

*Sixth Exception.*—The plaintiff then offered proof, that he loaned to the defendant the money on which said note was given, on the collateral security of 300 shares of the stock of the Parkersburg Branch Railroad Company, on the 18th of June, 1870 ; that the certificate (of the stock so pledged by the defendant,) was No. 727 ; that on the back of said certificate, when delivered to the said plaintiff, was a printed power of attorney in the form generally used on certificates of stock, with a blank therein for the name of the attorney authorizing the transfer of the stock—which power of attorney was signed by the party in whose favor said certificate was given ; that two days afterwards, on the 20th of June, the plaintiff took this certificate of stock to the office of the Company, surrendered it, and had a new certificate of stock issued to him in his own name ; that this new certificate is still in his possession, and is numbered No. 747. And the defendant, on the cross-examination of the plaintiff, proved that the par value of that stock was $50 a share, and the market value, on the said 18th of June, was from $22 to $23 per share. The defendant then offered proof by the defendant's testimony, that the market value of the stock, at the time it was pledged, was $23 50 cts. a share, and on the said 20th day of June, was $23.50 a share. To the admissi-

Rich *vs.* Boyce.

bility of which evidence the plaintiff objected; the Court sustained the objection, and the defendant excepted.

*Seventh Exception.*—The defendant then offered to prove that he had never at any time, or in any manner, authorized the plaintiff to surrender the stock pledged, or to have it reissued to the plaintiff in his own name; to the admissibility of which proof the plaintiff objected; the Court sustained the objection, and the defendant excepted.

*Eighth Exception.*—The defendant then offered to prove that the parties to the suit were both brokers in the city of Baltimore, and to show that according to the usage of brokers in Baltimore city, it was not the right of parties holding stock in pledge as collateral security, to surrender the same to the Company issuing it, and have reissues in their own name; but the pledgee must retain the same as pledged until default, and if no default took place, return the identical stock as pledged, to the pledgor; to the admissibility of this proof the plaintiff objected, and the Court sustained the objection, and the defendant excepted.

*Ninth Exception.*—The defendant then offered evidence to prove that the plaintiff had never made a demand for the debt alleged to be due, and for the security of which the stock was pledged, nor offered to return the stock on condition of the payment of said debt; to the admissibility of this proof the plaintiff objected, and the Court sustained the objection; to this ruling the defendant excepted.

*Tenth Exception.*—This was taken to the decision of the Court, granting the plaintiff's prayer and rejecting those of the defendant. The substance of the several prayers is shown in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Henry Stockbridge,* for the appellant.

The facts of this case, as set forth in the evidence of the plaintiff and defendant, the pleadings in the cause, and in the note itself, clearly show that this transaction was one of hypothecation by way of pledge.

There is no sufficient evidence of authority to surrender to the Company or to sell the stock in question before the maturity of the note; but on the contrary the evidence of the defendant proves positively that no such authority was given, and in the absence of express authority, the act of the plaintiff in surrendering the original certificate of stock, and in taking out a new certificate, whether genuine or fraudulent, in his own name, without notice to the defendant, was, in law, a wrongful conversion of the pledge, and in his action upon the note, the value of the pledge at the time of such wrongful conversion, is properly a subject of set-off to the plaintiff's claim.    As to notice necessary, in the absence of express authority to sell the pledge without notice, see *Washburn vs. Pond,* 2 *Allen,* 474 : *Wheeler vs. Newbould,* 16 *N. Y.,* 393 ; 2 *Story Eq.,* sec. 1033 ; *Md. Fire Ins. Co. vs. Dalrymple,* 25 *Md.,* 242.

In the present case the pledge was surrendered *before the maturity of the note and without notice.*

The measure of damages in trover is the value of the goods at the time of conversion; the same rule applies in this case in order to fix the amount of the set-off.    *Sterlin vs. Garritee,* 18 *Md.,* 468 ; *Hepburn vs. Sewell,* 5 *H. & J.,* 211 ; *Md. Fire Ins. Co. vs. Dalrymple,* 25 *Md.,* 242 ; *Baltimore Marine Ins. Co. vs. Dalrymple,* 25 *Md.,* 269 ; *Bryson vs. Rayner,* 25 *Md.,* 424 ; *Conyngham's Appeal,* 57 *Penn.,* 474 ; *Diller vs. Brubaker,* 52 *Penn.,* 498 ; *Hardy vs. Jordon,* 1 *Robertson,* (*N. Y.,*) 261 ; *Genet vs. Howland,* 45 *Barbour,* 560.

The pledgee, by surrendering or parting from the possession of the pledge, extinguishes his lien; on demand

and payment he must return the identical property pledged. *Sweet vs. Payne,* 1 *East,* 4; *Mark vs. Lawrence,* 5 *H. & J.,* 64; *Dykers vs. Allen,* 7 *Hill,* 497.

It was clearly the right of the defendant, under the evidence adduced at the trial below, to show the usage and custom existing among brokers in Baltimore City, as to the rights of, and limitations upon, parties holding stock in pledge as collateral security.

*Orville Horwitz* and *Thomas Donaldson,* for the appellee.

The motion for a judgment by default was properly overruled:

1st. Because the motion for the order for discovery and production of documents, &c., was not made at the first term, after the appearance term.

2nd. Because the bill for a discovery was not filed at the second term, after the appearance term.

3rd. Because no order was passed by the Court, and the Code did not in any case authorize such judgment as was prayed.

Finally, the entry of any judgment is in the discretion of the Court.

The second exception is to the overruling of a motion on the part of the defendant to have the transcript of the record in the case remanded for correction to the Superior Court of Baltimore City, on the ground that it appeared by said transcript that the writ was sued out by Thomas R. Rich, the defendant.

This was a mere clerical error, and the record corrects itself by the writ and by all the other documents filed in the case.

The appellant (defendant below) is estopped from taking any such point by his appearance in the Circuit Court for Howard County, and plea to the action there filed; by his going to trial, and by his filing other documents in the case, all properly entitled of the cause.

Rich *vs.* Boyce.

The third exception was to the overruling of a demurrer to the declaration, on the ground that the defendant's name nowhere appeared in it. This is not ground of demurrer, as the party is in it perfectly identified by his Christian name, (being already in Court), and also by reference as "the defendant," and by his full name in the affidavit annexed to it. If the point were well taken it could only be by plea in abatement. 1 *Chitt. Pl.*, 440, *ad fin.; Rex vs. Shakespeare*, 10 *East*, 83 ; *Clerk of Taunton Market vs. Kimberley*, 2 *Bla. Rep.*, 120 ; *Gilbert, et al. vs. Nantucket Bank*, 5 *Mass.*, 97.

Besides it is merely a demurrer to form, and therefore ill taken under the Code.

The fourth exception is the same as the first, and subject to the same objections.

The note referred to in the fifth exception was properly admissible, certainly on the common counts ; but it is submitted that it is so on the seventh as not variant from that declared on. A written instrument may be pleaded according to its legal effect, and not necessarily *ipsissimis verbis*, and only the obligatory parts of the note need be stated. 1 *Chitty Pl.*, 299, *ad fin.*, 300, 307 ; *Cotterrill vs. Cuff, et al.*, 4 *Taunt.*, 285–7 ; *Miles vs. Sheward*, 8 *East*, 7 ; *Clarke vs. Gray*, 6 *East*, 567 ; *Rodman vs. Forman*, 8 *Johns.*, 26 ; *Page vs. Woods*, 9 *Johns.*, 82 ; *Ferguson vs. Harwood*, 7 *Cranch*, 413.

There is in the sixth bill of exceptions, besides other objections, nothing making those foregoing a part of it, and there is no evidence set forth in said sixth bill of exceptions now referred to, which could in any way make the evidence asked to be admitted, relevant or pertinent ; and moreover, it was, under any circumstances, entirely apart from the issue.

To the seventh, eighth and ninth exceptions, there is the same objection, besides others.

The tenth exception also gives no evidence whatever, and refers to none in any other bills of exception, and the prayers therefore stand as mere abstract propositions. But even assuming the facts stated in the prayers to have been proved, the rulings of the Court were correct.

GRASON, J., delivered the opinion of the Court.

The first exception was taken to the refusal of the Court below, to enter a judgment by default against the plaintiff, for an alleged insufficiency of his answer to the bill of discovery. Section 69 of Article 75 of the Code provides, that parties may be required " to answer a bill of discovery only which may be filed by the second Court, after the appearance Court, in cases and under circumstances where they might be compelled to answer such bill of discovery, by the ordinary rules of proceeding in chancery; and if the plaintiff shall fail to comply with any such order to answer any bill for discovery only, it shall be lawful for the Court, on motion, to give the like judgment for the defendant, as in cases of non-suit." The motion was properly overruled in this case, first, because the bill of discovery was not filed within the time required by the Code ; second, because no order had ever been asked for or passed by the Court; and third, because the answer filed voluntarily by the plaintiff, was in all respects sufficient, as it fully replies to the interrogatories filed by the defendant.

The second exception was taken to the refusal of the Court, to remand the transcript of the record to the Superior Court of Baltimore City, from which the case had been removed for the purpose of having it corrected. The defect, which it was alleged required correction, consisted in the statement in its beginning that the writ was sued out by Thomas R. Rich. This error in the recital of the clerk, was however corrected by the writ itself, which was set out in full, and showed upon its face that

it was sued out by James Boyce, and commanded the sheriff to summon Thomas R. Rich, to answer an action of James Boyce against him. The record, as it then was, showed upon its face precisely what would have appeared had it been sent back to the Superior Court for correction in this particular. The record also showed that Thomas R. Rich had appeared and pleaded to the action; had verified his plea by affidavit, in which he styled himself *"the above named defendant,"* and had filed other papers in the case entitled, *"James Boyce vs. Thomas R. Rich,"* under these circumstances, we think that there was no necessity for correcting the record, and that the Circuit Court very properly refused to remand it.

The third exception was taken to the overruling of the demurrer to the declaration. The defendant had been summoned by his full name of Thomas R. Rich, and in the declaration, he was described by his Christian name, and the initial letter of his middle name, and as *"the defendant."* By the name of Thomas R. Rich, he had appeared and pleaded to the action, and in the affidavit to the declaration, as well as to the plea, his name is given in full. In other papers filed in the cause by the appellant, he gives his full name and describes himself as *"the said defendant."* Under these circumstances, we think he is estopped from setting up a misnomer in the narr. But, even if the objection to the narr. in this particular was a valid one, and the defendant was not estopped from availing himself of it, he could do so only by a plea in abatement, and not by demurrer. 1 *Chitt. Plead.,* 451; *Clerk of Trustees of Taunton Market vs. Kimberly,* 2 *Blacks. Rep.,* 1122, 1123.

The fourth exception is identical with the first, and what we have said in disposing of that, disposes also of this.

The fifth exception is to the ruling of the Circuit Court, admitting in evidence the note upon which the suit was

brought. It was contended, that there is a variance between this note and the one described in the declaration, the former containing a recital, that it was secured by three hundred shares of Parkersburg Branch Railroad Company's stock, while the declaration does not so describe it. The above recital formed no part of the obligation, which the appellant assumed by the execution and delivery of the note to the appellee. By said note he assumed the obligation to pay four thousand, five hundred dollars, to the appellee ninety days after its date. In declaring upon a written instrument, it is not necessary to set out its very words, but it may be pleaded according to its legal effect, and only its obligatory parts need be stated. 1 *Chitt. Plead.*, 305; *Walsh vs. Gilmor*, 3 *H. & J.*, 408. The note was therefore legally admissible in evidence under all the counts of the declaration, without setting out in the declaration the recital that the note was secured by the stock.

The sixth exception was taken to the ruling of the Court below, refusing to permit the appellant to offer evidence of the market value of the pledged stock at the time it was pledged, as well as on the 20th day of June, 1870. This proof was offered upon the theory that the appellant, by delivering up to the railroad company the certificate of stock No. 727, and taking a certificate of the same number of shares of the same stock in his own name, had thereby converted the certificate No. 727 and the stock it represented to his own use. By the power of attorney on the back of the certificate, which is proved to have been executed by the appellant, the appellee was authorized to have the stock transferred to his own name upon the books of the company; and the certificate shews upon its face that this could be done in no other way than by returning the certificate to the company and having another issued to himself. The evidence offered in this exception was therefore clearly inadmissible.

The seventh exception is to the refusal of the Court below to permit evidence to be offered to show that the appellant had never at any time or in any manner au- thorized the appellee to surrender the stock pledged, or to have it re-issued to the appellee in his own name. As we have shown in considering the preceding exception, that such authority was given by the power of attorney indorsed on the back of the certificate, the proof offered was properly rejected.

The eighth exception was taken to the rejection of proof of usage or custom in Baltimore City among brokers, that a pledgee has no right to surrender to the company issuing it, the stock pledged, and have re-issues in his own name; but that the pledgee must retain the same as pledged until default, and if no default take place, to re- turn the identical stock pledged to the pledger. The contract between the parties expressly conferred authority upon the appellee to have the stock transferred to his own name, and as that contract is perfectly plain and unam- biguous in its language and terms, no evidence of usage or custom was admissible to explain or control it.

The ninth exception was taken to the refusal of the Court to permit evidence to be given that the appellee had neither made a demand for the payment of the note, nor offered to return the stock which was pledged. The ap- pellee was not bound to make any demand for payment of the money due upon the note, the suit itself being all the demand which the law required. Nor was he obliged to tender a return of the pledge. His contract gave him the right to hold the pledge until the note was paid. All that was required of the appellee was to have the stock ready to be returned upon the payment of the money, to secure which the pledge was given. The evidence offered was therefore properly rejected.

The tenth exception was taken to the granting of the appellee's prayer, and the rejection of the six prayers offered by the appellant.

The first and second prayers of the appellant are based upon the theory that the appellee had no authority to have the stock, which was pledged, transferred to his own name upon the books of the company, and that such transfer amounted to a wrongful conversion of the stock to the appellee's own use, which would prevent him from recovering upon the note sued on. What we have said upon the sixth exception applies to these two prayers. So far from the transfer of the stock to the appellee's own name being a wrongful conversion, it was the mere exercise of an undoubted right conferred upon him by the appellant. Without such a right the pledge would have been of doubtful security, as the stock would have been liable to execution or attachment by any creditor of the appellant. These two prayers were properly rejected.

The third, fourth and sixth prayers present propositions which are almost identical with each other, and will therefore be considered together. The third asks the instruction that there was no evidence of a demand of payment before the suit was instituted, and no evidence of notice to the appellant of the appellee's intention to exchange, convert, or dispose of the pledged stock; the fourth, that the plaintiff was not entitled to recover unless the jury should find from the evidence that there was a demand for payment of the note before suit brought, and an offer to return the certificate of stock to the appellant; and the sixth, that there was no evidence tending to show such demand and tender. The propositions contained in these prayers, so far as demand for payment and tender of a return of the stock are concerned, have been settled by what we have said in considering the ninth exception. The suit was a sufficient demand, and the appellee had a legal right to hold the pledge until the debt was paid. Under the contract between the parties no notice of the intention to have the stock transferred was necessary. These three prayers were therefore properly rejected.

Rich *vs.* Boyce.

The fifth prayer asked an instruction that there was no sufficient evidence tending to show that any power of attorney was ever given by the appellant to the appellee, which authorized the latter to assign, transfer, or surrender to any one the certificate of the pledged stock.

The power of attorney was indorsed upon the back of the certificate, and the proof shows that it was signed by the appellant, and the certificate thus indorsed was delivered to the appellee. The proof further shows that the power of attorney authorized and empowered the appellee to have the transfer made. The fifth prayer was also properly refused.

The appellee's prayer asked the Court for an instruction that if the jury should find from the evidence that the appellant signed and indorsed the note, sued on, and delivered the same to the appellee, that the appellee was entitled to recover the principal sum of said note, and legal interest thereon, in the discretion of the jury, from its maturity.

It having been shown that nothing which was done by the appellee with respect to the certificate of stock which was pledged, which he had not a legal right to do under his contract, and no evidence having been offered tending to show any legal defence to the action, the prayer of the appellee presented a legal proposition which could not be controverted, and it was properly granted.

As we find no error in the rulings of the Circuit Court, its judgment will be affirmed.

*Judgment affirmed.*