## Case No. 16,743.

### UNITED STATES v. WINTER.

[13 Blatchf. 276.] [1]

Circuit Court, S. D. New York. March 17, 1876.

INDICTMENT—CHRISTIAN NAME OF DEFENDANT.

1. A person was indicted by the name of D. K. Olney Winter. He moved to quash the in-

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

dictment, on the ground that he was not described therein by any Christian name. *Held*, that the motion must be denied.

2. When a person has selected a particular given name as the only given name by which he will be known, such given name becomes part of his legal name, and he is properly described by that name in an indictment, whether it stands first, or second, or third, in the order of his given names.

Benjamin B. Foster, U. S. Dist. Atty.
Ambrose H. Purdy, for defendant.

BENEDICT, District Judge. The defendant has been indicted by the name of D. K. Olney Winter. He now moves that the indictment be quashed, upon the ground that he is not described therein by any Christian name. The argument is, that a middle name forms no part of the legal name, and that, as the initial letter D., given in the indictment, shows that the defendant has a Christian name of which D. is the initial letter, the indictment, on its face, is insufficient, because it fails to give that Christian name in full, and omits to say that it is unknown.

It has frequently been held, that, when a person has a first name by which he is known, and a middle name in addition, he is sufficiently described if the first name and the surname be accurately stated. But, I do not know that it has been settled, in this country, that, when a person has caused himself to be known by a certain given name, and by no other except his surname, he is not properly described in an indictment, when such given name and the surname are set forth. In State v. Hughes, 1 Swan, 261, it is said: "The middle name may properly be a part of a person's name."

In this country, no religious or legal ceremony is necessary to entitle a person to use a particular name. A name chosen by the person, by which he has caused himself to be commonly known, becomes his name; and I know of no law to prevent a person from adopting letters alone, not being initial letters, or intended to stand for any word, to be his name. It has been said, that a person can have but one Christian name; but, as pointed out by Archbold (Cr. Prac. p. 38): "This must be understood to mean, merely, that he cannot be named 'John, alias James,' or the like." See, also, Jones v. Macquillin, 5 Term R. 195.

There appears to be no law against a person's having several given names, nor anything to prevent a person from adopting any one of several given names given him at baptism, as the one by which he will be called and known; and, when a person has selected a particular given name as the only given name by which he will be known, I conceive that such given name becomes part of his legal name, and that he is properly described by that name in an indictment, whether it stands first, or second, or third, in the order of his given names. If this defendant had chosen to be known by the giv-

en name of Olney, with the letters D. K. between it and his surname, he would have been properly described as Olney D. K. Winter. Surely, it can make no difference if the fact be, that, having the right to do so, he has placed the letters D. K. before instead of behind the name by which, as his given name, he has chosen to be known.

This, then, is not a case where no Christian name is mentioned, nor where the Christian name by which a person is known has been designated simply by its initial letter. Here, a given name is set out and, upon a motion to quash, it is to be presumed that such name is the only given name by which the defendant has chosen to be and has come to be known. Having, by such adoption, become the distinctive given name of the defendant, it is properly used to describe him in an indictment, and is sufficient for that purpose. "A person is well described by the name by which he is generally known." 2 Russ. Crimes, 796. The motion to quash is denied.

[Defendant was subsequently convicted, but a motion in arrest of judgment was granted. See Case No. 16,744.]