Filed Dec. 22, 1886.

———————

No. 12,630.

## CUMMINS v. PEED ET AL.

PLEADING.—*Complaint.—Name.—Initial Letters.—Decedents' Estates.—Practice.*—The fact that only the initial letters of the Christian name of the plaintiff are given in a claim against a decedent's estate is not such a defect as warrants the reversal of the judgment, where there is no demurrer or assignment of error questioning the sufficiency of the complaint.

CONTRACT.—*Conditional Insurance.—Forfeiture.— Sale.— Executor.*—Where a mare, insured to get with foal, is sold by the executor of the owner within eleven months from the date of service, in violation of a condition that a sale by the owner within that time should forfeit the insurance, the price for the service may be recovered.

From the Henry Circuit Court.

*A. W. Leonard* and *L. P. Mitchell,* for appellant.
*J. H. Mellett* and *E. H. Bundy,* for appellees.

ZOLLARS, J.—Appellees filed a claim against the estate of Isaac S. Maddy, deceased. Appellant, as the representative of that estate, having failed to allow the claim, it was docketed for trial by the court. The court made a special finding of the facts, and upon conclusions of law, based upon those facts, rendered judgment for appellees for the amount of the claim.

One of the grounds urged for a reversal of the judgment is, that the claim as filed did not contain the full names of appellees as claimants, initial letters being used instead of their given names. There was no demurrer below, neither was the attention of the court in any way called to the defect which counsel now urge. The assignment of errors here is not such as to call in question the sufficiency of the complaint.

The record before us is not in shape to warrant a reversal of the judgment because initial letters were used instead of the full given names of the claimants. *Hopper* v. *Lucas,* 86 Ind. 43 (50), and cases there cited.

The claim was for the services of appellees' stallion horse for the season, at the agreed sum of $20 each for two mares. Appellees "insured" the mares to get with foal, but it was also agreed between them and Maddy, the decedent, that if he parted with the ownership of the mares before the expiration of eleven months from the date of the service of the horse, he should forfeit the insurance, and pay the agreed sum of $40. Within the eleven months Maddy died, and appellant, as executor, sold the mares. They were not with foal.

It is contended by appellant, that appellees should be held to their insurance, independent of the condition, and that as the mares were not with foal, they should not recover. We think otherwise. The insurance or warranty on the part of appellees was conditional, the condition being that Maddy should not part with the ownership of the mares before the expiration of eleven months from the date of the service of the horse. It is not clearly apparent why this condition. was annexed, nor how it could be of much importance, but it was a condition which the parties had a right to couple with the "insurance," and one, therefore, by which they and their representatives were and are bound. The purpose seems to have been to keep the ownership with Maddy, and the mares in his possession and under his control, and to make the insurance dependent upon such continued ownership, possession and control. That the mares were sold before the expiration of the eleven months, in consequence of Maddy's death, does not turn the conditional insurance into an absolute insurance. The stipulated condition has not been complied with, and that relieves appellees from their insurance. Maddy might have stipulated that the condition should be dispensed with in the event of his death, but he did not do so. See *Campbell* v. *Hamilton Mutual Ins. Co.,* 51 Maine, 69.

Judgment affirmed, with costs.

