H. C. FISHER v. CHARLES E. NORTHRUP

*Justices' courts—Motion to dismiss—Name of plaintiff.*

1. One commencing an action is usually supposed to know the correct name of the plaintiff, but if he does not he cannot for that reason proceed with his suit by a wrong name, or by the initials of the Christian or first name.

    So *held*, where a writ of replevin was sued out of a justice's court in the name of H. C. Fisher, plaintiff being so designated in all the prior papers, and on the return-day defendant moved to quash for that reason, and the party representing the plaintiff stated that he could not amend, as he did not know plaintiff's full name, whereupon the justice dismissed the case, which judgment is affirmed.

2. The effect of a motion to dismiss a case in justice's court, because the plaintiff's Christian name is not given in the writ, is in effect a plea in abatement, which is admitted by the statement of the party who appears for the plaintiff that he cannot amend because of a want of knowledge of plaintiff's full name.

Error to Wexford. (Aldrich, J.) Argued January 16, 1890. Decided January 24, 1890.

Replevin. Defendant brings error. Judgment of circuit court reversed, and that of the justice affirmed. The facts are stated in the opinion.

*I. C. Wheeler,* for appellant.

*Pratt & Davis,* for plaintiff.

MORSE, J.    One Eli H. Salisbury made affidavit in behalf of plaintiff, and procured the issue of a writ of replevin against the defendant.    The requisite bond was also filed.    On the return-day of the writ, Salisbury appeared for plaintiff.    The defendant answered in person, and moved to dismiss the writ, because plaintiff's full Christian name did not appear in affidavit, writ, or declaration.    The justice returns that he asked Mr. Salisbury if he could amend, and insert full Christian name of H. C. Fisher, and Mr. Salisbury replied that he could not, as he did not know the full Christian name of said Fisher.    Thereupon, the plaintiff being unable to amend, the justice dismissed the case, and rendered a judgment of nonsuit against the plaintiff, together with $3.25 costs of suit.    Salisbury, in the name of H. C. Fisher, sued out a writ of *certiorari* to the circuit court of Wexford county, where, on hearing, the judgment of the justice was reversed.    The case comes here on writ of error from the circuit.

It is contended, in support of the judgment of the circuit, that any mistake in the name of the plaintiff must be taken advantage of by a plea in abatement.    Pleading in justice's court is not required to be technical.    The effect of defendant's motion was the same as a plea in abatement.    The plea was also admitted when Salisbury, who appeared for plaintiff, said that he could not amend because he did not know plaintiff's full name.    This was equivalent to saying that H. C. Fisher was not the true or full name of plaintiff.    The justice was then warranted in dismissing the case, as Salisbury did not ask for time to ascertain plaintiff's name, who it appears lived in Chicago, Ill.

It is a usual supposition that one commencing an action will know the correct name of the plaintiff, but if he does not he cannot for that reason proceed with his suit by a wrong name, or carry it on by the initials of the Christian or first name.    The case of *Fewlass v. Abbott*, 28 Mich. 270, is not in point.   There the plaintiff commenced suit in the name of O. B. Abbott upon a promissory note made by Fewlass, payable to O. B. Abbott or bearer.   Objection was taken by the defendant before the justice that the plaintiff was not properly named in the process, which was overruled, and judgment rendered for plaintiff.    Defendant removed the cause to the circuit by *certiorari,* where the judgment was affirmed.   When it came to this Court on error, it was held that it would not be presumed, for the purpose of invalidating the judgment, *and in the absence of any showing on the subject,* that the plaintiff had any other name than the one used.   In the case at bar it was substantially admitted in justice's court that plaintiff had sued by the initials of his Christian name, and his bond executed on the issue of the writ of *certiorari* shows his true name to be Hart C. Fisher.

A person sued has a right to know who is making claim against him.   If the plaintiff plants the action himself, there is no hardship in requiring him to plead his proper name in full.   If the suit is commenced by an agent, who is not acquainted at the time with the full Christian name of his principal, it is certainly his duty to ascertain and plead the same before or at the time issue is joined, and there is no good reason why he should not do it.

I think the judgment of the justice was correct, and should be affirmed, with costs of this Court and the cir-

cuit against the plaintiff. The judgment of the circuit court is reversed.

The other Justices concurred.