Reed, P. J.,
delivered the opinion of the court.
M. H. Insley, plaintiff below, presented to E. B. Cravens the following account:
“ Denver, Colo., May 29, 1893.
“ E. B. Cravens, in account with The Keeley Institute, for the cure of the liquor and opium habits, nervous diseases and tobacco habits, corner Fifteenth and Curtis streets, Belvidere block, by Dr. Lesley E. Iveeley’s double chloride of gold remedies.
May 1. Four weeks’ treatment, . . $ 100.00
“ 29. To cash, room rent, . . . 9.00
“ 29. July, 1892, .... 30.00
“ 29. W. J. Barclay, attendant, . . 2.00
1141.00 ”
At the bottom of.which was the following order: .
“ J. W. Taylor, please pay this and charge to my account,
“E. B. Cravens.”
On the same date appellant wrote across the face of the account:
“ Accepted, payable out of the amount due Cravens on my note executed to him payable July 1,1893, provided the note can be gotten here by that date.
“ Joseph W. Taylor.”
*177 The fourth paragraph of the complaint is the only one that need be referred to. It is as follows: “ That the conditions contained in said acceptance have all been complied with, and the note mentioned in the acceptance of the defendant had been taken up by defendant, and in paying the same the defendant has reserved the amount herein sued on out of the amount due on the said note of the said Cravens.”
Counsel for appellant moved to quash the summons and strike the complaint from the files, “for the reason that there is no plaintiff nor the name of any plaintiff designated therein, the initials 'M. preceding the word ‘ Insleyas used therein, constituting no name.” The motion was overruled. Counsel then demurred generally to the complaint, — that it did not state facts sufficient to constitute a cause of action, — which was overruled. Counsel stood by his demurrer, and judgment entered for appellee for $152.80, from which the appeal was prosecuted to this court.
Two questions are presented by brief of appellant’s counsel:
First, it is laboredly and exhaustively urged that the court erred in refusing to quash the writ and strike the complaint from the files. Many authorities are cited and paragraphs quoted to the effect that “ M. H. Insley ” is no name at all; consequently that there was no plaintiff. Most of the authorities are those at common law, commencing with Coke upon Littleton, and coming down through Bacon’s abridgment. Some are from works on criminal pleading. Twelve authorities are cited in support of the proposition, “ it is a presumption of law that every person has both a Christian and a surname.” No doubt that such is the legal presumption, but no authority is cited to show that “M. H.” may not be the Christian name and all there is of it. I know of no good reason, legal or otherwise, why parents may not select any letter or letters of the alphabet as the name of a child; and although the legal presumption is that each individual has a Christian and surname, there is no legal presumption, when a man sues as “ M. H.,” that that is not all there is of it, un *178 less the fact is brought to the knowledge of the court by a plea in abatement, or in some manner that will inform the court, not only that the letters used are initial, but what the name is; in the language of the books, “ give the plaintiff a better writ.” This is not done by the motion. The court is required to presume that the full name of .the plaintiff is not used. Formerly, at common law, a stricter rule prevailed than under modern practice. The use of initials instead of full names has been indulged in to such an extent that to now hold that the courts had no jurisdiction would result disastrously. I have noticed this contention at some length, because counsel, by the amount of labor bestowed upon it, evidently thought it a ground for reversal.
I cannot agree with counsel on his second proposition,— that the complaint was defective in substance, — nor can I adopt the statement that “ the action, as will be seen from the record, is upon a guaranty, whereby, as is claimed by the appellee, the defendant specially promised to answer for the debt, default or miscarriage of another person.” I can find no element of a guaranty in it. If it were there, the memoranda in writing are sufficient, and the consideration for the acceptance appears in the acceptance itself; and, although conditional, the allegation in regard to the performance of the condition is sufficiently full upon demurrer.
The transaction appears to me to have been in the nature of a “novation.” Cravens owed Insley; Taylor owed Cravens; Cravens made an order on Taylor, which was accepted by Taylor, who was substituted in the place of Cravens; and, as alleged in the complaint, Cravens paid Taylor, who retained the money. Insley could recover either upon the acceptance or as at common law for “ money had and received by Taylor to the use of the plaintiff.” We can find nothing in the authorities cited by counsel that sustains his position that the complaint was defective. The only defect pointed out is that the allegation in the complaint fails to state that the note was returned in time. We think the allegation sufficiently full when taken in connec *179 tion with the cause of action. At any rate, it is sufficient to show that Taylor had received the payment from Cravens before Insley brought suit.
The judgment must be affirmed.

Affirmed.