JOHN H. DICKERSON, d. b., *vs.* T. H. KELLEY, Assignee of F. L. Hardesty, p. b.

*Certiorari—Judgment Note—Assignment—Suit by Initials of Plaintiff—Reversal of Judgment.*

The warrant of attorney in a judgment note authorized the entry of judgment

in favor of the obligee his executors, administrators or assigns. *Held* not to authorize the entry of judgment in favor of the assignee of said note by the initials of his Christian name; and the judgment was reversed.

(*May 5, 1900.*)

JUDGES SPRUANCE, GRUBB and BOYCE sitting.

*Arley B. Magee* for plaintiff in error.

*Thomas C. Frame, Jr.,* for defendant in error.

Superior Court, Kent County, April Term, 1900.

CERTIORARI to Charles W. Kelley, a Justice of the Peace in and for Kent County.

A judgment note was given in this case by John H. Dickerson to F. L. Hardesty. There was afterwards an assignment of same by the obligee to one T. H. Kelley, and judgment was entered in the name of the said T. H. Kelley.

*Mr. Magee* contended that the judgment should have been entered in favor of the assignee by his full name, and not by his initials, because the maker of the note is entitled to know whom he owes, and the person into whose hands the note had come.

The exceptions filed were as follows:

*First.* For that the plaintiff below, defendant in error, sued by the initials of his first name only, and not by his full or Christian name.

*Second.* For that the Justice in rendering judgment, states in the record and proceedings below, that the cause of action, was "Action on Specialty, usually called judgment note, with warrant annexed authorizing judgment," but does not state who was authorized, empowered and directed to enter such judgment.

*Mr Frame*:—The purpose of setting forth the full name is to designate the plaintiff or defendant.

GRUBB, J:—My own impression is, in the absence of authority, that although if judgment should be entered in favor of ·F. L. Hardesty, without his full name being used, it would be a valid judgment under our decisions, because there was an express and specific authority to enter it by said Hardesty's initials; but when you go beyond that to the assignee who is not mentioned specifically in the note and not authorized expressly in the warrant to take judgment by his initials, you must show some authority for it, for the authority is not there. If you cannot show such authority in the assignee to obtain judgment by his initials, he is bound to proceed with his full name, which is a general rule of law. Have you any authority, Mr. Frame?

*Mr. Frame*:—No sir.

SPRUANCE, J:—A majority of the Court think this judgment should be reversed.

Whatever may be the effect of giving a note with a warrant of attorney authorizing a person by the initials· of his Christian name to enter a judgment, that does not touch this case, because this judgment is not entered in favor of that person.

The warrant, however, authorizes a judgment to be entered in favor of the assignee of the obligee, and a judgment has been entered here, not in the name of the obligee but in favor of the assignee. To the making of that assignment this obligor was no party. The obligee chose to assign it to somebody by that person's initials. I do not say that that person would not have a right to enter judgment in his full name —I think he would; but he has not done it. He has undertaken to enter judgment in the name of the initials. The case stands precisely as where a promise has been made to one by initials, in

which case he cannot sue by his initials, but must sue in his full name.

The judgment below is reversed.

BOYCE, J., (dissenting):

My view of the question now before us is that the warrant annexed to the obligation in this case authorizes the entry of a judgment thereon at the suit of F. L. Hardesty by his initials against John H. Dickerson. And this is so because such an entry would pursue the said warrant of attorney. In this we agree.

But since the obligation with the warrant thereto annexed was executed and delivered to F. L. Hardesty, he has assigned the same to T. H. Kelley, in whose favor as assignee judgment has been entered by his initials in the same manner in which the said obligation was assigned to him. Does the said warrant authorize this? Upon inspection it is found that the warrant not only authorizes the entry of a judgment in favor of F. L. Hardesty but likewise in favor of "his executors, administrators or *assigns.*"

In the limited time which I have to consider the question, it seems to me, in the absence of any authorities to the contrary, that the judgment so entered is authorized in that the terms of the warrant, embracing as it does the assignee, are pursued. And further that the same rule of construction of a warrant of attorney which permits the entry of a judgment in favor of the plaintiff therein by his initials, contrary to the general rule in actions, should be extended to an assignee by his initials whenever the warrant, as in this case, embraces the assignee.

For these reasons I do not think the judgment should be reversed.