THOMAS LESLIE WOODWARD *vs.* WALLACE NAUDAIN DANIELS and JAMES A. DUGAN.

(*March* 3, 1925.)

HARRINGTON and RICHARDS, J. J., sitting.

*Lilburne Chandler* for plaintiff.

*Robert Adair* for defendant, Dugan.

Superior Court for New Castle County, No. 74, January Term, 1925.

HARRINGTON, J., delivering the opinion of the Court:

The plaintiff proceeded in this case by writ of *scire facias* which is the usual and customary method of procedure. *Register v. Layman et al.*, 5 *Harr.* 349; *Biggs v. Rickards et al.*, 3 *Harr.* 283; *Wooley on Del. Practice*, §§1309, 1351. The defendant did not deny that under ordinary circumstances both plaintiff and defendant in a suit must be fully identified on the record; nor did he deny that if T. L. Woodward and the plaintiff were one and the same person that it was the duty of the said Woodward to bring suit by his Christian and surname, though the recognizance in question was payable to him by initials. *Wooley on Del. Prac.* §130; *Gould on Pleading*, 78; *Stephens on Pleading*, star page 302; *Chitty on Pleading* (15 *Am. Ed.*), star page 256 *and note; Shipman's Common Law Plead., pp.* 398, 399, and cases cited; *Herf & Co. v. Shulze et al.*, 10 *Ohio* 263; *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512; *Truitt v. Lecates*, 5 *Boyce* 288, 92 *A.* 850; *Roberts v. Rowan & Co.*, 2 *Harr.* 314.

While this rule does not go so far as to require the plaintiff to set out his middle name in full (*Taylor v. Taylor*, 1 *W. W. Harr.* [31 *Del.*] 144, 111 *A.* 780) it is perfectly proper to do so.

For the rule when judgment is confessed on a bond containing a warrant of attorney authorizing the confession of judgment in favor of an obligee described by the initials of his Christian name, see *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512; *McNamee v. Huffman & Donoho*, 3 *Harr.* 425.

■ Writs of *scire facias* are divided into two general classes. One class is a continuation of some prior proceeding. The other class is an original proceeding, or in the nature of such a proceeding. *Woolley on Del. Prac.*, § 1309; *Malsberger v. Parsons*, 1 *Boyce* 254, 75 *A.* 698; *Foster on Scire Facias, star pages* 11-15 (*Law Library, vol.* 73).

Though a *scire facias* on a record of this character is an original action or in the nature of such (*Woolley on Del. Prac.*, § 1309; see, also, *Foster on Scire Facias, star page* 13; *Register v. Layton et al.*, 5 *Harr.* 349) the pleadings, as in all writs of *scire facias*, are, in part at least, somewhat anomalous.

*Foster on Scire Facias, star page* 349, says:

"In *Blake v. Dodemead et ux.* (2 *Stra.* 775) it was said 'that there was no such thing as a declaration on a *scire facias* but that the declaration and writ are synonomous and the plea is to the writ.' The declaration, in fact, sets out the writ and is in the same form as the writ with a proper inducement; and though called a declaration is merely a mode of entering the writ on record."

■ However that may be, no declaration is ever filed in a proceeding by *scire facias*, and the writ partakes of the nature of and serves the purpose of both writ and declaration. *Foster on Scire Facias, star pages* 11, 259, note F, 349; *Woolley on Delaware Practice*, § 1325.

■ The defendant in a *scire facias* may not only plead proper pleas in bar and in abatement as in any other action but he may, also, demur when the occasion requires it. *Malsberger v. Parsons*, 1 *Boyce* 254, 75 *A.* 698; *Townsend v. Townsend*, 2 *Harr.* 277; *Woolley on Del. Prac.* §§ 1325, 1326; *Foster on Scire Facias, supra, star pages* 350, 352. See, also, *Foster on Scire Facias, star pages* 259, 260, 261, 325, 337, and 369.

■ We might, also, add that amendments to writs of *scire facias* were permitted at common law (*Foster on Scire Facias, star pages* 349, 376) and are now permitted by statute in this state. *Rev. Code* 1915, § 4429.

■ It is an elementary rule of pleading in ordinary cases that the declaration must not only disclose a cause of action but that it must also disclose a right of action in the plaintiff. *Gould on Plead.*, *p.* 160; *Shipman's Common Law Pleading*, *pp.* 156, 203; *Chitty on Pleading*, *supra*, star pages 244, 255, and note 1, 256a.

■ It is likewise an elementary rule in ordinary cases that any mistake, insufficiency, lack of certainty or particularity apparent upon the face of the declaration, without any reference to the writ, and whether in the statement of the cause of action, or otherwise, must be taken advantage of by demurrer. *Gould on Pleading*, *pp.* 30, 31, 235; *Shipman's Common Law Pl.*, *p.* 157; *Chitty on Pl.*, *supra*, star pages 197, 661; *Berks & Dauphin Turnpike Road v. Myers*, 6 *Serg. & R.* (*Pa.*) 12, 9 *Am. Dec.* 402.

■ This rule even seems to apply to a variance between the caption of the suit and the declaration in the description of the character in which the plaintiff sues. *Latimer et al. v. Hodgdon*, 5 *Serg. & R.* (*Pa.*) 514.

There may possibly be cases where the issuance of a *scire facias* to revive a judgment against less than all of the defendants in such judgment may have to be taken advantage of by motion, rather than by demurrer. *Foster on Scire Facias*, star pages 20, 22, 336. See, however, *Bowie v. Neale et al.*, 41 *Md.* 124.

However that may be, that the same general principles stated above apply to a writ of *scire facias* because it, also, serves the purpose of the declaration in ordinary cases, is evident. *Foster on Scire Facias*, at star page 259, citing *Sir Oliver Butler's Case*, 3 *Lev.* 221, 2 *Tidd's Prac.* (8th *Ed.*) 1144, and *Com. Dig. tit. Patent F.* 8, with respect to a *scire facias* to repeal a patent, says:

"If the matters alleged be not sufficient to repeal the patent, the defendant may demur to the *scire facias*."

See, also, *Foster on Scire Facias*, *p.* 350; 35 *Cyc.* 1152; *Woolley on Del. Prac.*, § 1325; *Prather v. Manro*, 11 *Gill & J.* 261; *Reeves v. Eldridg*, 20 *Ill.* 383.

■ Whatever the facts may hereafter disclose, the record before us shows that Thomas Leslie Woodward is the plaintiff but fails to show that the recognizance sued on was payable to such

plaintiff. If it was payable to him by the name of T. L. Woodward that fact should have appeared.

An allegation of this character was essential in order to disclose a right of action in the plaintiff. *Chitty on Pl. (supra), star page* 247, *note* 4, 256, *note* 3; *Woolley on Del. Prac.*, § 130; *Inhabitants, etc., v. String*, 10 *N. J. Law* (5 *Halst.*) 384; *Berks & Dauphine Turnpike Road v. Myers*, 6 *Serg. & R. (Pa.)* 12; *Inhabitants of Township of Woolwick v. Forrest*, 1 *Pennington* (2 *N. J. Law*) 115, 117; *President of the Commercial Bank v. French*, 21 *Pick. (Mass.)* 486, 32 *Am. Dec.* 280; *Charitable Ass'n, etc., v. Baldwin*, 1 *Metc. (Mass.)* 359; *Inhabitants, etc., v. McCormick*, 2 *Pennington* (3 *N. J. Law*) 92. For the proper procedure where the name of the defendant was incorrectly signed to a note, see *Prettyman v. Waples*, 4 *Harr.* 299.

There being a defect apparent upon the face of the record, which was properly raised by demurrer, it is not necessary for us to consider whether, had there been no omission in such record, an issue of fact as to the identity of the plaintiff with the payee in the recognizance in question should have been raised by plea in abatement or by plea in bar.

See, however, 1 *C. J.* 120. See, also, *Trustees Mutual Loan v. Tyre*, 3 *Boyce* 88, 81 *A.* 48; 1 *C. J.* 115.

For the reasons above given, the demurrer of the defendant, Dugan, is sustained.