H. T. CALHOUN, d. b. a., *v.* F. G. ELLIOTT HDW. CO., p. b. r.

(*October* 5, 1931.)

HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for defendant below, appellant.

*Andrew J. Lynch* for plaintiff below, respondent.

Superior Court for Sussex County, No. 4, June Term, 1931.

HARRINGTON, J., delivering the opinion of the court:

Under the old common-law rule, in the absence of some pleading and proof to the contrary, every person was presumed to have a Christian or given name in addition to his family or surname, and generally speaking was not properly identified unless described thereby. 45 *C. J.* 368; *Gatty v. Field,* 9 *Q. B.* 431, 115 *Eng. Rep.* 1337; *Holman v. Walden,* 91 *Eng. Rep.* 6; *Gardner v. State,* 4 *Ind.* 632.

This rule applied to both civil and criminal proceedings and under it a party to an action was not properly identified if instead of setting out his Christian name the letter of the alphabet standing therefor preceded his family name. *McGrew v. Steiner,* 77 *N. J. Law* 377, 71 *A.* 1122; *Monroe Cattle Co. v. Becker,* 147 *U. S.* 47, 13 *S. Ct.* 217, 37 *L. Ed.* 72; *Walton v. Marietta Chair Co.,* 157 *U. S.* 342, 15 *S. Ct.* 626, 39 *L. Ed.* 725; *Gerrish v. State,* 53 *Ala.* 476; *Woodward v. Daniels,* 3 *W. W. Harr.* (33 *Del.*) 36, 130 *A.* 30; *Truitt v. Lecates,* 5 *Boyce* 288, 92 *A.* 850; *Dickerson v. Kelley,* 3 *Penn.* 69, 50 *A.* 512; *Stephens on Pleading,* 302; 14 *Enc. Pl. & Pr.* 273; 132 *Am. St. Rep.* 573; 19 *R. C. L.* 1329; 45 *C. J.* 368.

The same rule, also, applied to any third persons referred to in the pleadings in such proceedings. *Kinnesley v. Knotts,* 137 *Eng. Rep.* 388; *Lomax v. Landells,* 136 *Eng. Rep.* 1374; *Levy v. Webb,*

9 *Q. B.* 427, 115 *Eng. Rep.* 1336; *Appelmans v. Blanch,* 14 *M. & W.* 154; *Gatty v. Field,* 9 *Q. B.* 431, 115 *Eng. Rep.* 133; 45 *C. J.* 368.

In the course of time the English courts, in an attempt to break away from the strictness of the old rule, held that if a letter preceding a person's surname was a vowel, it would usually be presumed to be his real Christian name.

This distinction between a vowel and a consonant was based on the theory that a vowel could in most cases be readily pronounced as a name, while a consonant usually could not. *Lomax v. Landells,* 136 *Eng. Rep.* 1374; *Kinnesley v. Knotts,* 137 *Eng. Rep.* 388; *Reg. v. Dale,* 117 *Eng. Rep.* 1206; *Nash v. Calder,* 5 *C. B.* 177; *Tweedy v. Jarvis,* 27 *Conn.* 42; 19 *R. C. L.* 1328; *Ann. Cas.* 1914A, 1115; 45 *C. J.* 373, note.

The rule above referred to, however, had little, if any, support in America (*Tweedy v. Jarvis,* 27 *Conn.* 42; *Ann. Cas.* 1914A, 1116) and is no longer applied in England. 45 *C. J.* 373, note.

Under the present rule in that country the same presumption applies whether letters preceding the family name be vowels or consonants. *Reg. v. Dale,* 117 *Eng. Rep.* 1206; *Reg. v. Avery,* 83 *E. C. L.* 576; *Tweedy v. Jarvis,* 27 *Conn.* 42; 45 *C. J.* 373; *Ann. Cas.* 1914A, 1116.

The same rule has, also, been applied in some states in this country. *Taylor v. Insley,* 7 *Colo. App.* 175, 42 *P.* 1046; *Tweedy v. Jarvis,* 27 *Conn.* 42, *Ann. Cas.* 1914A, 1115; 132 *Am. St. Rep.* 577; 45 *C. J.* 373.

None of these cases, however, hold that the initials of a man's Christian name preceding his family name properly identify him in a legal proceeding but merely take the position that in the absence of anything to show the contrary the letters so used will be presumed to be his real Christian name and not the initials standing therefor. *Gerrish v. State,* 53 *Ala.* 476; 132 *Am. St. Rep.* 577.

Perhaps we might also add that we have not sufficiently investigated the question to determine whether the presumption above referred to applies to the records of courts of inferior jurisdiction. However that may be, the old rule has not yet been modified to

that extent in this State, and judgments rendered by justices of the peace have frequently been set aside on *certiorari* because the record showed that either the plaintiffs or the defendants in such judgments had been described by what appeared to be the initials of their Christian names or because the individual names of the members of a partnership had not been set out in the record. *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512; *Truitt v. Lecates*, 5 *Boyce* 288, 92 *A.* 850; *Roberts v. Rowan & Co.*, 2 *Harr.* 314; *Hitch v. Gray & Co.*, 1 *Mar.* 400. See, also, *Yucker v. Morris*, 85 *N. J. Eq.* 476, 97 *A.* 42.

As a matter of fact, so far as appears from the reported cases the only exception to the old rule requiring the Christian name of a party to an action to be set out in the record, as yet expressly considered and recognized in this State, is where judgment has been entered on a bond containing a warrant of attorney for the confession of judgment either in favor of a partnership by the partnership name, or in favor of an individual, whose Christian name does not appear to be fully set out. *McNamee v. Huffman & Donoho*, 3 *Harr.* 425; *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512. And even this exception has not been extended to the assignee of the obligee in such bond under the usual warrant of attorney for the confession of judgment to the obligee, his executors, administrators or assigns. *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512.

As we have already indicated, whether the same general exception would also be applied in principle, as in some states, (45 *C. J.* 373, 14 *Pl. & Pr.* 283) to all contracts signed by or made to parties by their family names but preceded by certain letters of the alphabet where their Christian names would ordinarily appear, does not seem to have been squarely considered by this court in any reported case. See, however, *Woolley on Del. Prac.*, vol. 1, § 130; *Woodward v. Daniels*, 3 *W. W. Harr.* (33 *Del.*) 36, 130 *A.* 30; *McNamee v. Huffman & Donoho*, 3 *Harr.* 425.

The old common-law rule above referred to apparently recognized but one Christian name and neither a middle letter nor a middle name need be included in describing a party to an action or any third person mentioned in the pleadings. Nor, if used would it so identify the party as to cure the failure to describe him by his

Christian name, as well as by his family name. *Woodward v. Daniels*, 3 *W. W. Harr.* (33 *Del.*) 36, 130 *A.* 30; *Taylor v. Taylor*, 1 *W. W. Harr.* (31 *Del.*) 144, 111 *A.* 780; *Franklin v. Talmadge*, 5 *Johns.* (*N. Y.*) 84; 132 *Am. St. Rep.* 566;· 45 *C. J.* 369; 14 *Ency. Pl. & Pr.* 275. This rule has, however, been somewhat modified in this State.

In *Truitt v. Lecates*, 5 *Boyce* 288, 92 *A.* 850, the plaintiff in an action before a justice of the peace was described as "J. Stanford Lecates." Judgment was entered in his favor by that name and the court refused to set it aside on *certiorari*.

While professing to adhere to the old rule that a person could neither sue nor be sued by the initials of his Christian name, preceding his family name, the court held that the plaintiff in the judgment had been sufficiently identified by the record. See, also, *U. S. v. Winter*, 13 *Blatchf.* 276, *Fed. Cas. No.* 16,743, where the same conclusion was reached though on a motion to quash an indictment describing the defendant as D. K. Olney Winter.

True, the transcript of the record filed in this court by the justice in the *Lecates* case shows that the defendant appeared at the trial in that case but that fact was not pointed out by counsel or commented on by the court.

Notwithstanding what we have said as to the common-law rule and its present general application in this State, it must be remembered that the use of the initials of his Christian name in describing a party to an action is merely a descriptive defect in the identity of the party.

In most cases in courts of superior jurisdiction where this rule applies, though the defendant appears, this defect can be taken advantage of by a plea in abatement, whether it be as to the description of the plaintiff, or of the defendant in the action. *McNamee v. Huffman & Donoho*, 3 *Harr.* 425; *Roberts v. Rowan & Co.*, 2 *Harr.* 314; *Benjamin v. Boyce*, 2 *Harr.* 316; *Woolley on Del. Pr.*, § 130; *Smith v. State*, 8 *Ohio* 295; *Gerrish v. State*, 53 *Ala.* 476; *Norris v. Graves*, 4 *Strob.* (*S. C.*) 32; *Fisher v. Northrup*, 79 *Mich.*

287, 44 *N. W.* 610, 7 *L. R. A.* 629; 1 *Chitty's Crim. Law* 202; 19 *R. C. L.* 1330; 1 *Chitty on Pl.* 256, 440, 441; 14 *Pl. & Pr.* 295.[1]

In *McNamee v. Huffman & Donoho,* 3 *Harr.* 425, *supra,* the court refused on *certiorari* to set aside a judgment entered by a justice of the peace on a note under seal containing a warrant of attorney for the confession of judgment to "Huffman & Donoho."

In discussing the question, it said that if suit had been brought on the note in question by "Huffman and Donoho," the failure to set out the names of the individual partners could have been taken advantage of by plea in abatement, but in the absence of such plea and after verdict "Huffman and Donoho" would have been presumed to be the real names of the plaintiffs, and there would have been no error in the judgment record.

In *Smith v. State,* 8 *Ohio* 295, the defendant was indicted by the name of "W. E. Smith." He was arraigned and entered a plea of not guilty but was subsequently convicted by the jury. He then filed a motion in arrest of judgment, among other things, because he had not been described by his Christian name. His motion was overruled and he then took a writ of error.

The court above, in part, said:

"The indictment, it is true, is loosely and unskillfully drawn. The pleader has not adhered to the ordinary forms, which the rules of 'safe precedent' require to be pursued. A plea in abatement would have been fatal to it; and on such a plea the argument of the plaintiff's counsel would not have been successfully resisted. But, after verdict, to arrest the judgment for the reason suggested, would overrule the authorities of *Coke, Hale,* and *Hawkins,* and a modern, but learned criminal lawyer, *Archbold.*

"In 2 *Hawk, P. C.* 23, *section* 125, it is said, if there be no addition or a wrong one, the defendant can take advantage of it by a plea in abatement only; and Hawkins is sustained by *Rex v. Warren,* 1 *Siderfin* 247, and by 2 *Inst.* 670; and it is further said, if he pleads over, he thereby waives all objections to the indictment, on that account. So, if there be no Christian name, or a wrong one, or no surname, or a wrong one, the defendant can take advantage of it by plea in abatement only and if he plead over, he waives the objection. 2 *Hale* 176; also 2 *East* 175; and these authorities are cited by *Archbold* with approbation. *Arch. Crim. Pl.* 30."

[1]Perhaps it might be assumed from *Roberts v. Rowan & Co.,* 2 *Harr.* 314, that the same question could also be raised under the general issue by motion for a non-suit, but *Woolley's Del. Pr.,* § 130, treats this case as relating to the proper parties plaintiff, and not to the improper description of such parties. In this connection, see *McNamee v. Huffman & Donoho,* 3 *Harr.* 425, 1 *Chitty Pl.* 7, 14, 440.

Numerous cases are also to be found in the early English reports, where the sufficiency of a declaration which apparently failed to set out in full the Christian name of some third person, referred to therein, was raised by special demurrer. *Lomax v. Landells,* 136 *Eng. Rep.* 1374; *Kinnesley v. Knotts,* 137 *Eng. Rep.* 388; *Reg. v. Dale,* 117 *Eng. Rep.* 1206; *Levy v. Webb,* 9 *Q. B.* 427, 115 *Eng. Rep.* 1336; *Appelmans v. Blanch,* 4 *M. & W.* 154; 14 *Pl. & Pr.* 273.

This could only be on the theory that such a description constituted a lack of legal sufficiency apparent on its face, but we have found no English case applying that rule to a party to the action. See, however, *U. S. v. Winter,* 13 *Blatchf.* 276, *Fed. Cas. No.* 16743; *Gardner v. State,* 4 *Ind.* 634; 14 *Pl. & Pr.* 273; *Cummins v. Peed,* 109 *Ind.* 71, 9 *N. E.* 603; though there seems to be a question whether these cases represent the general rule in this country. See *Armstrong v. Robinson,* 5 *Gill. & J. (Md.)* 412; *Rich v. Boyce,* 39 *Md.* 314; 14 *Pl. & Pr.* 295. See, also, the Delaware cases above cited.

■■ That the question as to the proper description of either a plaintiff or a defendant in an action can be raised by plea in abatement seems clear; but whether generally confined to a plea in abatement or not, that the lack of description of a party to an action is a defect that will ordinarily be waived if not taken advantage of at the proper preliminary stage of the case is apparent. 14 *Pl. & Pr.* 298; *State v. Johnson,* 93 *Mo.* 317, 6 *S. W.* 77.

■ By reason of that fact, that in most cases it cannot be taken advantage of for the first time by writ of error, after verdict or judgment, is also apparent. See, also, *Monroe Cattle Co. v. Becker,* 147 *U. S.* 47, 13 *S. Ct.* 217, 37 *L. Ed.* 72; *Breedlove v. Nicolet,* 7 *Pet.* 413, 8 *L. Ed.* 731; *Boyd v. Platner,* 5 *Mont.* 226, 2 *P.* 346; *Cummins v. Peed,* 109 *Ind.* 71, 9 *N. E.* 603; 45 *C. J.* 373, 374; 14 *Pl. & Pr.* 298, 299.

■ There are no formal pleadings before a justice of the peace, but when the record shows that the defendant appeared and that after a hearing judgment was entered against him, the same general principles as to waiver applicable to cases pending in courts of superior jurisdiction apply.

That being true, he cannot take advantage of the defect on writ of error though his Christian name was not fully set out.[1]

Perhaps this distinction has not been clearly pointed out by any reported case in this State, but, under the present rule permitting no presumptions in favor of what appear to be the initials of a person's Christian name, when the record in a court of inferior jurisdiction fails to show appearance, the judgment, as we have already seen, could be set aside on *certiorari*.   In addition to the Delaware and New Jersey cases heretofore cited in this opinion, see *Chitty on Plead*. 256, note; 14 *Pl. & Pr*. 300.

For the reasons above given, the judgment of the justice is affirmed.

[1] See, also, *Johnson v. Jones, supra,* 229.