## EDGAR S. TWEEDY vs. WILLIAM JARVIS.

A plea in abatement to a writ in assumpsit averred that the promise was made jointly with one J. W. Hickock, and prayed that, because the said J. W. Hickock was not named in the writ, the same might abate. On demurrer to the plea it was held: 1. That the plea was not defective, either as omitting to name or as misnaming the co-promissor, since his entire christian name might be J W., and not some other name represented by those letters as initials, and the court could not, as a matter of law, know that such was not the fact. 2. That the plea was not defective in not averring that the co-promissor was not made a defendant in the suit, since, that fact appearing on the record, the court would take official notice of it.

A reference in such a plea to the fact of the omission of the co-promissor as a defendant, is necessary only as a statement of the ground of abatement, not as an averment of a fact.

It is not necessary in pleading to aver as a fact any matter which already appears upon the record.

A plea in abatement must state the christian name of the party whose non-joinder is the ground of the plea.

A consonant may be presumed to be an entire christian name as well as a vowel.

ASSUMPSIT. The defendant filed the following plea in abatement:

Now the said William Jarvis comes into court and prays judgment of the plaintiff's writ and declaration, and that the same may abate and be dismissed, because he says that the said supposed promises and undertakings in the said declaration mentioned, if any such were made, were made jointly with William B. Ogden, of Chicago, in the State of Illinois, Charles Butler, of the city, county and state of New York, and J. W. Hickock, of the city, county and state of New York, who are all still living, and not by the defendant alone; and this the defendant is ready to verify; wherefore, because the said William B. Ogden, Charles Butler, and J. W. Hickock are not named in the said writ and declaration with the defendant, he, the defendant, prays judgment of the said writ and declaration, and that the same may abate and be dismissed.

The plaintiff replied to this plea, that the allegations of the same were not true, and that if they were true, the plea was

insufficient in law.    The superior court found the allegations to be true, and held the plea to be sufficient.    After judgment for the defendant, the plaintiff brought the record before this court by motion in error.

*White*, for the plaintiff, contended that the plea was defective in not giving the christian name of Mr. Hickock, who was alleged to be a joint promissor—that it was not sufficient in such a plea to give the initials of the christian name only, but that the name should have been so fully given as to enable the plaintiff to make a better writ; and that the plea was further defective in not averring that the persons claimed to be joint promissors were not in fact made defendants,—that this fact should have been directly averred, and not indirectly and argumentatively,—and that in a plea in abatement, where the pleader is held to the greatest nicety of averment, such an omission will not be aided by any knowledge of the court derived from the examination of the record ; that pleas in abatement are regarded with no favor, and that courts are always ready to sustain every technical objection that can be made to them, and that the rule which requires great strictness and accuracy of averment in such pleas has always been rigidly followed by the courts of this state ; citing *Wadsworth* v. *Woodford*, 1 Day, 28, *Wolcott* v. *Dwight*, 2 id., 405, and *Clark* v. *Warner*, 5 Conn , 355.

*Dutton*, for the defendant, contended that the plea was sufficient both in substance and in form—it being averred that the promises set forth in the declaration were made jointly with several persons who were still living and not named in the writ, which was all that in substance was necessary to abate the writ; referring to 1 Chitty Pl., 42, and 1 Swift Dig., 184; and that the plea was in the usual form; referring to 3 Chitty Pl., 900; and that the description of Mr. Hickock was sufficient, as it did not appear that the letters by which he was referred to were not his entire christian name, and not mere initials representing his name, the court below in finding the averments of the plea to be true having

found that one of the co-promissors was named J. W. Hickock, and this court being wholly unable, as a matter of law, to know that that was not his complete name.

STORRS, C. J.   The only question presented to us is whether the plea in abatement, in the case brought before us by this writ of error, is sufficient.

It is a well settled and familiar principle, that in an action *ex contractu*, all the persons who are jointly liable to the plaintiff must be made defendants, and consequently must be named as such in the writ, and if any of them are omitted, the non-joinder of them may in all cases be pleaded in abatement, and indeed must be taken advantage of in this mode, unless upon the face of the declaration it appears that others so liable and living are omitted, in which case the judgment will be arrested.   *Eccleston* v. *Clipsham*, 1 Saund., 154, (n. 1.)   *Cabell* v. *Vaughan*, id., 291.   *Foxwist* v. *Tremaine*, 2 id., 210.   *Rice* v. *Shute*, 5 Burr., 2611.   *South* v. *Tanner*, 2 Taunt., 254.   1 Arch. N. P., 66, 69.   Therefore, as it was found in this case that the promises mentioned in the declaration were made by the defendant jointly with the other persons mentioned in the plea, the judgment abating the writ was correct, unless the plea in abatement alleging that fact is defective.

The first exception taken by the plaintiff in error to the plea is, that it either omits or misdescribes the christian names of the persons who are alleged to have been joint promissors with the defendant, because Mr. Hickock, who is therein stated to be one of those persons, is described only as J. W. Hickock.   If this objection is well founded in fact, it is clearly fatal to the plea.   As in a suit against a person it would, on a plea in abatement, be fatal that either his christian or surname is omitted or untruly stated, so in such a plea on the ground of a non-joinder of a joint promissor, it is necessary to state, and truly, the christian and surnames of the latter; because if this is not done, it is obvious that the plea would not give to the plaintiff a better writ, which is necessary in pleas of this description.   *Evans* v. *Stevens*, 4

T. R., 227. *Haworth* v. *Spraggs*, 8 id., 515. *Wilthaus* v. *Ludecas*, 5 Rich., 326. *Owen* v. *Bulkley*, Comb., 483. *Mainwaring* v. *Newman*, 2 B. & P., 124, n. *Owen* v. *Butler*, 1 Ld. Raym., 345.

While it is well settled in the books that a letter of the alphabet which is a vowel may be the name of a person, there is a contrariety in the cases upon the question whether one of those letters which is a consonant can constitute a name ; and in some of them it seems to be holden that a con- sonant cannot be a name, for the reason that a consonant, unlike a vowel, which is a simple and perfect sound by itself, is a letter which cannot be sounded, or can at most but be imperfectly sounded by itself, and represents only a com- pound sound, the expression of which by the voice requires its connection with a vowel; and therefore that a consonant not being capable of being pronounced by force of its own character, so to speak, must be spelled out in writing by its being conjoined with a vowel, in order that a perfect sound may be produced. It is said that A, being a perfect and simple sound, may be a name, but that B being a consonant and producing no sound unless joined with a vowel, it is no name unless it is spelled with a vowel which shall represent, and in the pronunciation of the two conjointly, produce some· sound. *Miller* v. *Hay*, 3 Excheq. R., 14. *Nash* v. *Calder*, 5 M. G. & S., 177. *Regina* v. *Dale*, 5 E. L. & Eq., 360. *Wilthaus* v. *Ludecas*, Supra. *Myers* v. *Sealy*, 5 Rich., 473. *Norris* v. *Graves*, 4 Strob., 32. *City Council* v. *King*, 4 McCord, 487.

If we should adopt the distinction made in some of these cases between a vowel and a consonant, and should further be of the opinion that the letter J, by which the christian name of Mr. Hickock is designated in the plea here in ques- tion, is to be deemed a consonant, the result would of course be that that letter could not constitute any name, and there- fore that the plea was defective for the omission of such name. Whether, however, that letter should, as used in the plea, be considered to be a vowel or a consonant, might still give rise to debate, as that letter is only another form of the

letter I, which, we are told by lexicographers, is in English both a vowel and a consonant! We should, however, probably have no difficulty in pronouncing it to be a consonant, as it is only when it is used as such that the letter I is changed to that particular form. But, as applicable to the present subject, we see no sensible or rational ground for any distinction between a vowel and consonant, and think that either of them may be a name; and that name is denoted by the sound by which it is called or pronounced when it is spoken or uttered audibly as a letter. " Letters," as said by Judge Evans, in 5 Rich. R., 328, " are the representatives of sounds," and with him we are wholly unable to see any reason why a simple sound may be represented by a letter but a compound sound may not. The one conveys as clear an idea to the mind as the other. According to the common mode of speech a consonant, when it is used alone standing by itself, is pronounced by the name of the letter, unless it is used as standing for some other word, and when it is used to designate a particular person, as it frequently is, the name of the letter is given to him. In *Regina* v. *Dale*, Supra, which was a *sci. fa.* on a recognizance of bail taken before H. Townsend and J. H. Harper, Lord Campbell, speaking of the initials of these persons, says : " But I do not know that these are initials. I do not know that they were not baptized with these names, and I must say that I cannot acquiesce in the distinction made in the cases referred to, that a vowel may be a name and a consonant cannot. I allow that a vowel may be a christian name, and why may not a consonant be ? Why may not parents, for a reason good or bad, say that their children should be baptized by the name B. C. D. F. or H.? I am just informed by a person of most credible authority, that within his own knowledge a person has been baptized by the name of T."

The christian name of Mr. Hickock, therefore, is not omitted in this plea. Is it mis-named in it ? Clearly we cannot say that it is, unless judicially, without any averment to that effect, and indeed contrary to the finding of the court below that a person having the name of J. W. Hickock was a

Tweedy *v.* Jarvis.

joint promissor with the defendant, we can say that the letter J is here not itself a name, but only the initial letter of a name. We cannot do this, nor assume that the person thus designated had any other than the name given to him in the plea.

The plaintiff in error further objects to the plea in this case, because it contains no direct and positive averment to the effect that the joint promissors with the defendant were not made co-defendants with him in the suit. There is no doubt that it must appear that they were not sued with him; but we are not aware of any authority or principle which requires that when such omission is apparent on the face of the writ, there should be any averment of such omission, whether positive and direct or otherwise, as a fact, however it may be as to the necessity of stating it, as is done in the present case, as the ground on which the defendant claims the writ should be abated. On the contrary it is a rule of pleading, that it is unnecessary to make allegation of matters of which the court takes official notice; and it will take such notice of all matters apparent on the record of the case. They will therefore take notice that certain facts are omitted to be stated, as well as that other facts are actually alleged in it. Steph. Pl., 394. Co. Litt., 303, b. *King* v. *Knollys*, 1 Ld. Raym., 13. Arch Pl. & Ev., 96, 292. Com. Dig. Pleader C., 79. Hence the precedents invariably show that where advantage is sought to be taken of the omission of any material averments in pleadings, the course is, not to state as a matter of fact that there is such an omission, but to rely on the knowledge of it by the court derived from its inspection of the record. Perhaps no more striking instance of the practice in this respect can be adduced than the precedents of pleas in abatement for the non-joinder of co-contractors, from which the present plea was taken, and to which it exactly conforms. 1 Went. Pl., 1 to 80. Stephen Pl., 72. 3 Chitt. Pl., 900. After alleging the fact that there were such contractors, and describing them, it is not averred that they are not made defendants, but relying on the knowledge of the court derived from the previous parts of the

record, from which it appears that such is the case, the defendant prays that, for that cause, the writ should be abated. The non-joinder is mentioned, not however as a fact which must be brought to the knowlege of the court by an averment of it, but only as a reason for the abatement of the writ. In this case therefore, as the omission to make those who are found to be co-promissors defendants is apparent on the face of the writ, the present objection to the plea is not well taken.

It is not necessary to notice the remaining topics of argument which have been urged by the plaintiff in error. They might be pertinent on the question of law when properly presented, whether, if the promise of the defendant alleged in the declaration had been made by him solely, it would warrant a recovery against him alone; or on the trial of the question of fact, whether the promise was made by him solely or jointly with others, but has no relevancy to the point now before us, whether, it being found that other persons having united with him in making the promise, they ought to be sued with him.

For these reasons the judgment complained of is affirmed.

In this opinion the other judges concurred.

Judgment affirmed.