MELTON *vs.* THE STATE.

[PROSECUTION FOR ASSAULT AND BATTERY.]

1. *Verdict, when does not authorize court to impose fine.*—Where an indictable offense which may be punished, in addition to a fine, by imprisonment or hard labor for the county, is tried in the circuit court, though on appeal from the county court, a verdict of guilty merely does not authorize the court to impose a fine.

APPEAL from the Circuit Court of Elmore.
Tried before Hon. J. Q. SMITH.

The facts are sufficiently stated in the opinion.

O. KYLE, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

B. F. SAFFOLD, J.—The appellant, on appeal from the county court to the circuit court, was convicted of an assault and battery, without objection on his part to any of the previous proceedings. Under section 3758 of the Revised Code, the jury only found him guilty, and left the imposition of the punishment to the court.

After the verdict was returned, the defendant moved the court to so amend the minutes as to make it appear that two of the jurors who tried the cause were not sworn. Upon the refusal of this motion, he applied to have the verdict set aside on that ground, and offered to prove that two of the said jurors were not sworn. The court refused to hear the evidence, and overruled the motion.

If the error complained of by the defendant appeared in the record of the proceedings, there is no doubt that the judgment would be reversed. It is as essential that the jury should be sworn, as that it should be composed of twelve persons. It is not a right which the prisoner should ever be called on to waive. A prisoner on trial for his life or liberty should have the benefit of whatever virtue there

may be in an oath to control those who are to ascertain his guilt or innocence. The verdict in this case ought not to have been rendered, if two of the jurors were not sworn. In fact, it was not the verdict of a jury. As the motion was made during the term, and the evidence tending to prove the allegation was offered, the court ought to have received it, and judged of its sufficiency.

Section 3757 of Revised Code requires the jury to fix and determine the amount of the fine in prosecutions by indictment. When they omit to impose a fine for an offense, which, in addition, may be punished by imprisonment or hard labor for the county, by returning a verdict of guilty merely, the power to fine can not be exercised by the court. The defendant, by appealing from the county court, manifested his desire to claim all of the benefits to be derived from the trial by jury. Among these were the decision by them whether he should be fined at all or not, and the amount. Although this case came into the circuit court by appeal, and was tried on a complaint, yet it is an indictable offense, and in that court must be deemed a prosecution by indictment.

The judgment is reversed, and the cause remanded.