(101 So. 162)

### ANDERSON v. STATE.   (7 Div. 4.)

(Court of Appeals of Alabama.   July 22, 1924.)

1. Intoxicating liquors ⬅134—Until a mixture contains alcohol, possession is not in violation of the law.

Until a mixture contains alcohol, its possession is not a violation of law.

2. Intoxicating liquors ⬅134—Mixture must reach a stage of violating the law to constitute an offense against the prohibition law.

That a mixture has reached a stage where it is in violation of the law must be proved by the state beyond a reasonable doubt.

3. Intoxicating liquors ⬅139—Crime of unlawful possession must be in violation of statutes.

To constitute the crime of unlawful possession of intoxicating liquor, the act must be in violation of Acts 1915, p. 1, § 1; or Acts 1919, p. 6, § 1.

4. Intoxicating liquors ⬅238(3) — Defendant entitled to affirmative charge, where liquid found in his possession was not embraced in prohibited liquors defined by statute.

In a liquor prosecution, defendant was entitled to the affirmative charge, where liquid found in his possession was not embraced in the prohibited liquors, as defined by Acts 1915, p. 1, § 1; and Acts 1919, p. 6, § 1.

Foster, J., dissenting.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Sam Anderson was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Hugh Reed, of Centre, for appellant.

The article found in defendant's possession is not embraced in the definitions of the statute. Acts 1915, p. 1; Acts 1919, p. 6; Marks v. State, 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 62.

There is no error in the record. Glaze v. State, ante, p. 7, 100 South. 629.

SAMFORD, J. [1, 2] The evidence for the state tends to show that ·defendant was found in the possession of a barrel of what the witness called "beer." On cross-examination the witness said it was not lager beer, but—

"It was a preparation that they put up for fermentation or something that whisky is made of. It was almost ready to make. I don't know how long it had been put up."

There was no evidence that the beer had fermented or that it contained alcohol or that it was suitable to be used as a beverage. A person grinds apples, presses the juice, and puts it in a jar. The possession at that time is not a violation of law. He leaves it until it has fermented and becomes "hard." It then becomes an alcoholic liquor and his possession is a violation of law. The same is true of grapes or any other fruit from which a fermented liquor containing alcohol may be made. Likewise it is true of corn meal. The mixture when first made contains no alcohol; it may never contain any alcohol; until it does its possession is not a violation of the law. That it has reached a stage where it is a violation of law is a material ingredient of the offense and must be proven by the state beyond a reasonable doubt. Glaze v. State, ante, p. 7, 100 South. 629.

Prohibited liquors as defined by the statutes of this state are: (1) Alcohol, alcoholic liquors, spirituous liquors and all mixed liquors any part of which is spirituous; (2) vinous liquors and beverages; (3) malt, fermented or brewed liquors of any name or description manufactured from malt wholly or in part or from any substitute therefor; beer, lager beer; porter and ale; and other brewed or fermented liquors and beverages by whatever name called; hop jack, hop ale, hop weis, hop tea, malt tonic, or any other beverage which is the production of moltose or glucose or in which moltose or glucose is a substantial ingredient; (4) any other drinks, liquors or beverages containing one-half of 1 per cent. of alcohol; (5) any intoxicating bitters or beverages, etc., Acts 1915, p. 1, § 1; (6) all liquors, etc., made in imitation of any of the foregoing, Acts 1919, p. 6, § 1.

[3, 4] To constitute the crime of unlawful possession the act must be in violation of one of the foregoing statutes, and the burden is on the state to produce evidence of that fact. There was no evidence that the liquid found contained alcohol. We may therefore eliminate subdivision 1. It was not vinous. So we need not consider 2. There was no evidence that the liquor was fermented or brewed as condemned by 3. There was no evidence that as found it was suitable for a beverage or that it contained one-half of 1 per cent. alcohol, and so 4 goes out. It was not a bitters or a beverage containing alcohol, nor. was it made as a substitute for any of the liquors, the possession of which is condemned under 5 and 6. The defendant was entitled to the affirmative charge. For this error the judgment is reversed and the cause is remanded.

Reversed and remanded.

FOSTER, J. (dissenting). This prosecution was for receiving, accepting for delivery, having in possession, or possessing prohibited liquors or beverages. It was commenced by affidavit in the county court, carried by appeal to the circuit court, where a conviction was had under a complaint filed by the solicitor.

The evidence for the state tended to show the defendant was in the vicinity of stirring and otherwise examining a barrel of mixture containing shorts and sugar. One of the state's witnesses described the mixture as beer from which whisky is made, it being then in the process of fermentation. It further appeared from the evidence that when asked if it was sweetened with sugar the defendant replied, "No; you sugar in it to make it sour."

There were no exceptions to the evidence, and the contentions made by appellant are (1) no such possession was shown as to authorize a conviction, and (2) no conviction should have been had for want of proof that the mixture was a beer or beverage containing alcohol. These questions are presented in three ways; motion to exclude all the evidence, affirmative charge, and charges directing the discharge of the defendant because of failure of evidence to show alcoholic content.

Under the apt authority of Troupe Glaze v. State (Ala. App.) 100 South. 629,[1] the trial court cannot be put in error for refusing to exclude the evidence or refusing the several charges requested.

