CHANEY v. STATE. (1 Div. 686.)

(Court of Appeals of Alabama. Jan. 11, 1927.)

1. Criminal law ⚓304(20) — That "moonshine" designated illicitly manufactured alcoholic liquor is judicially noticed.

Court takes judicial notice that "moonshine" is used to designate illicitly manufactured alcoholic liquor.

2. Criminal law ⚓304(20)—Intoxicating liquors ⚓223(3)—Evidence showing manufacture of "shinny" does not support conviction of manufacture of alcoholic liquors; court having no knowledge of its constituents.

Defendant having been charged with distilling, making or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol, evidence showing that defendant manufactured or distilled "shinny" held insufficient to support conviction; court having no knowledge of constituent elements of substance shown to have been manufactured.

Appeal from Circuit Court, Clarke County; T. J. Bedsole, Judge.

Green Chaney was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

C. B. Gillmore, of Grove Hill, for appellant.

A conviction of felony cannot be had on the uncorroborated testimony of an accomplice. Code 1923, § 5635; Bass v. State, 37 Ala. 469; Montgomery v. State, 169 Ala. 12, 53 So. 991; 16 C. J. 674; Lindsey v. State, 170 Ala. 80, 54 So. 516; Thompkins v. State, 7 Ala. App. 140, 61 So. 479. Defendant should have had the affirmative charge requested.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted of distilling prohibited liquors. The specific charge was that he "did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol."

[1] The evidence offered on the trial was all to the effect that appellant made, manufactured, or distilled "shinny." There may be a large body of our population familiar with the component parts, or constituent elements, of this article or substance. But, even so, we are compelled to admit that such knowledge has not reached this court. A member of the court has suggested that the word is an elaboration of the term "shiny," which in turn is a contraction or a derivative of the word "moonshine," which we believe we would be willing to say the court judicially knows stands for, or is used to designate, illicitly manufactured alcoholic liquor. But that member does not press his suggestion, and the court is of the opinion that we should not speculate on the meaning of the word used in the evidence in this case.

[2] For the failure of the evidence to show, or tend to show, that the "shinny" alleged to have been manufactured by appellant was a liquor prohibited by law, or embraced in the charge in the indictment, the court was in error in refusing to give at appellant's request the general affirmative charge in his favor.

In the event of another trial, the court observes that the witness Albert Jackson is shown by his testimony to have been an accomplice in the crime charged. Code 1923, § 3196.

Reversed and remanded.