(117 So. 1)
### GRANT v. STATE.  (7 Div. 392.)

Court of Appeals of Alabama.  May 22, 1928.

John B. Isbell, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. Defendant was charged, under section 4621 of the Code of 1923, with possessing illegally prohibited liquors contrary to law.

The evidence for the state tends to prove that the officers went to defendant's house and "found two fruit jars and another half full of *home-brew*. It looked like home-brew. It was out on the water shelf in fruit jars in the water bucket." Prohibited liquors are defined by section 4615 of the Code of 1923. Among the definitions there given as to what constitutes prohibited liquors is:

"Brewed or fermented liquors and beverages by whatever name called."

The courts do not judicially know that "home-brew" *is a brewed or fermented liquor or beverage.* There was no evidence that the "home-brew" had fermented, or that it contained alcohol, or that it was suitable to be used for beverage purposes. The statute is penal and cannot be extended by implication to embrace liquids not clearly described as being a prohibited liquor. For a full discussion of this subject, see Anderson v. State, 20 Ala. App. 154, 101 So. 162, and Glaze v. State, 20 Ala. App. 7, 100 So. 629, and majority and dissenting opinion.

The motion for a new trial should have been granted.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

RICE, J. (dissenting). I cannot agree to the conclusion reached by my Brothers.

Section 4620 of the Code of 1923 provides, among other things, that:

"This chapter (i. e., the chapter dealing with the subject of 'Intoxicating and Prohibited Liquors') shall be liberally construed so as to accomplish the purpose thereof, which is to further suppress the evils of intemperance and secure obedience to and the enforcement of the laws of the state for the promotion of temperance, and for the suppression of the manufacture of and' traffic in prohibited liquors and beverages, and to prevent evasions and subterfuges by which such laws may be violated."

Section 4615, Code of 1923, the first section in the chapter referred to above, defines the terms "prohibited liquors and beverages," and one of the definitions is as follows:

"* * * Other brewed *or* fermented liquors and beverages by whatever name called."

The prosecution in this case is for having in possession "home-brew."

I think the court judicially knows that this is either a "liquor or beverage." In fact, there is testimony, in addition to that stated in the majority opinion, which, I think, tends to show it. One witness stated, in reference to the substance which was found:

"Yes, sir; I say the cans had home-brew in them, but I did not drink any of it."

Another stated:

"It looked like home-brew and smelt like home-brew. When the cap was taken off, it spued up, boiled just like home-brew will do. I did not drink any of it."

Webster's New International Dictionary defines the noun "brew" as:

"That which is brewed or formed by brewing."

I think it clearly appears in this case that the substance for the unlawful possession of which this appellant was prosecuted, and which is denominated by the witnesses "home-brew," is, under the prohibition statutes, a "brewed beverage," and hence one of the prohibited liquors and beverages at the possession of which said statutes were aimed. Also, see Code 1923, § 4650.

In my opinion, the judgment of conviction should be affirmed.