(118 So. 238)

**SHARP v. STATE.   (8 Div. 703.)**

Court of Appeals, of Alabama.   June 19, 1928.

Rehearing Denied June 30, 1928.

R. E. Smith and Robt. C. Brickell, both of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J.  The prosecution against this appellant appears to have been instituted under the provisions of a local act, approved February 11, 1919 (Local Acts 1919, p. 17), by affidavit of one S. B. Worley, made before the clerk of the circuit court of Madison county; the warrant being made returnable before the judge of the circuit court of said county.  The charge was a violation of the prohibition laws, and contained several alternative averments.

.The affidavit, as framed, was defective and subject to demurrer.  Griffin v. State (Ala. App.) 115 So. 769;[1] but the demurrers interposed thereto . by defendant failed to .point out the defect, and therefore the court properly overruled them.  As stated in the Griffin Case, supra, where the offense charged is in the alternative, each alternative averment must charge a complete offense under the law.  The first alternative averment in the original and in each of the amended affidavits charged that defendant did *buy*, etc., prohibited liquors.  By reference to section 4621 of the Code 1923, this averment, standing alone, charged no offense under the laws of Alabama, and the count was, as stated, therefore defective, but such defect was waived by the defendant in not raising the point.  The demurrers as interposed went only as to the designation of the accused by his initials.  This is a matter to be raised by an appropriate plea in abatement, and not by demurrer.  In Gerrish v. State, 53 Ala. 476, the court said:

"When the party is not correctly named, he must take advantage of the error by plea in abatement."

In that case the court also said:

"We agree with the Supreme Court of Connecticut in Tweedy v. Jarvis, 27 Conn. 42, that letters of the alphabet, consonants as well as vowels, may be used as the names of persons, if given to them as such."

The same was held in Regina v. Dale, 5 Eng. Law & Eq. 360.  A declaration to a sci. fa. upon a recognizance described the justices before whom it was entered as Lee B. Townsed, Esq., and J. H. Harper, Esq., to which objection was taken by demurrer, that their full names be set out.  Lord Campbell, C. J., said:

"But I do not know that these are initials. I do not know that they were not baptized by these names.  And I must say that I cannot acquiesce in the distinction made in the cases referred to, that a vowel may be a name, and a consonant cannot.  Why may not parents, for

---

[1] Ante, p. 369.

a reason good or bad, say that their children should be baptized by the name of B, C, D, F, or H?"

In this case the evidence disclosed that the officers found in the safe of the defendant four or five bottles of what they termed or called "home brew." The defendant contended that the liquid found in his possession was not a prohibited liquor, but that it was a nonalcoholic liquid, made by him for his own use as a tonic, and that he drank about two bottles of it each day as directed by his doctor to do.

■ The numerous objections by defendant to the rulings of the court in allowing witnesses to testify that the bottles contained "home brew" were properly overruled. They were permissible as preliminary questions, and while the term "home brew" is not included in the statute (section 4615, Code 1923) which defines and designates prohibited liquors and beverages, yet if the further proof disclosed that it contained alcohol or was intoxicating, or that it was a malt, fermented or brewed liquor, or beverage, such evidence would bring it within the statute as being a prohibited liquor without reference to the name by which it was known or called. In Grant v. State, 117 So. 1,[1] this court held that the courts would not take judicial knowledge that "home brew" is a prohibited liquor; there being no statute in this state expressly designating it as such. See, also, Daniel v. State, 149 Ala. 44, 43 So. 22; Anderson v. State, 20 Ala. App. 154, 101 So. 162; Chaney v. State, 21 Ala. App. 625, 111 So. 188.

■ The court below apparently took this view and required the state to make proof that the liquid found in defendant's possession was of the character above enumerated. To this end state witness Watson was examined and asked, "Did it have alcohol in it?" to which he answered, "Yes, sir." On cross-examination of this witness it was made to affirmatively appear that the answer given by the witness was a conclusion only. This witness admitted that he never tasted the liquid, nor did he analyze it, and based his evidence in this connection upon an opinion formed by him by merely looking at the liquid contained in the bottles. This was a material inquiry and the defendant's case should not have been burdened by this illegal evidence, for it must be recognized that no person can ascertain that the contents of a bottle is part alcohol by merely looking at the bottle; certainly a nonexpert, as was this witness, could not do so. The court erred in overruling defendant's motion to exclude this evidence. There were other rulings of the court of similar import, but these and other questions presented need not be discussed, as they probably will not arise upon another trial.

Reversed and remanded.

