(126 So. 495)

## MOODY v. STATE.

### 8 Div. 6.

Court of Appeals of Alabama.

Feb. 18, 1930.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant was in possession of a stone jar, in which he had placed some malt, a shoe last, and about six gallons of water. He put it aside in the hope that it would ferment, thereby making a beverage with an alcoholic content. Before defendant drank any of the concoction, the sheriff and two deputies, armed with a search warrant, searched defendant's home, and found the jar and contents. They called it "home brew," and testified that it had fermented and contained alcohol. The defendant testified that he had put it up on Wednesday morning, that at the time it was found by the officers it was not fermented, was not made, and was not a beverage of any kind. There was also evidence tending to prove that the liquid did not look like, taste, smell like or foam like beer.

The court, at the request of the state, gave this charge:

"Charge B. I charge you gentlemen of the jury if you believe from the evidence beyond a reasonable doubt that the defendant had a

liquid called home brew in his possession and had said home brew in his possession to be used as a substitute for beer, you should find the defendant guilty."

■ In the giving of this charge the court evidently had in mind subdivision 5 of section 4615 of the Code of 1923. But that provision of the statute contemplates a liquor completely manufactured, or at least brought to such a state as that it may be used as a beverage. "Home brew" may or may not be a prohibited liquor according to the facts. The courts do not judicially know that it is a prohibited liquor. Grant v. State, 22 Ala. App 475, 117 So. 1; Anderson v. State, 20 Ala. App. 154, 101 So. 162. And we hardly think, although we do not know to what lengths the courts will go, that the possession of ginger ale, Coca-Cola, root beer, and the like, to be used as a substitute for prohibited beers and beverages, will ever be held to be a violation of this statute, which says: "All liquors, liquids, drinks or beverages * * * intended as a substitute for beer," etc., is a violation of the prohibition statutes. Moreover, it is not that the defendant intended to use the home brew as a substitute, but the question is, Was it such a substitute as is condemned by law, and did the defendant have it in his possession. To say the least of it, the charge is misleading, and should not have been given.

■ Charge C, given at the request of the state, submits a question of law to the jury, which should never be done.

The defendant requested the court in writing to give the following charge:

"The burden of proof is upon the state to convince the jury beyond a reasonable doubt that the contents of the jar testified about, that was found on the defendant's premises, if it was in fact there found, had fermented, or that it contained alcohol, or that it was suitable to be used for a beverage purpose. It is not enough to show that it contained home brew. The State must go further and show that it had fermented, or that it contained alcohol or that it was suitable to be used for a beverage purpose, and if the state has not met this burden, it is your duty to find for the defendant."

■ The possession of a liquid which is not suitable to be used as a beverage is not a violation of the law. The charge should have been given.

There were other charges refused to defendant undertaking to embody this principle above stated. Some of these were good and some omitted elements which rendered them bad, but, in view of a reversal, we do not pass upon them.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.