(119 So. 925)

### Napoleon RAY v. STATE. (5 Div. 703.)

Court of Appeals of Alabama. Dec. 11, 1928.

SAMFORD, J. Appeal dismissed.

(123 So. 927)

### W. K. REDWINE v. STATE. (8 Div. 893.)

Court of Appeals of Alabama. June 29, 1929.

BRICKEN, P. J. Affirmed.

(127 So. 925)

### Annie REED, alias Berry, v. STATE.
### 8 Div. 931.

Court of Appeals of Alabama.
April 15, 1930.

W. L. Chenault, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The exceptions reserved to some of the court's rulings appear to be well taken, but a discussion thereof is not necessary under the view we take of this case. After a reading of the entire record, it affirmatively appears that the state failed to make out a case against this appellant, and by no process of reasoning could it be said that the burden of proof resting upon the state was met by the evidence adduced upon the trial of this case. The accused was tried by the court without a jury. The court, after hearing the evidence, should have promptly discharged the defendant; failing so to do, an order is here entered reversing the judgment of conviction from which this appeal was taken, and the defendant is dis-

charged from further custody in this proceeding. Sharp v. State, 22 Ala. App. 562, 118 So. 238.

Reversed and rendered.

(123 So. 924)

### Harry REYNOLDS v. STATE.
### 7 Div. 632.

Court of Appeals of Alabama.
June 10, 1930.

BRICKEN, P. J.
Appeal dismissed.

(120 So. 927)

### J. P. REYNOLDS and Floss J. Garrett v. STATE. (6 Div. 435.)

Court of Appeals of Alabama. Feb. 26, 1929.

BRICKEN, P. J. These two appellants were jointly indicted, with several others, for distilling, making, or manufacturing alcoholic or spirituous liquors, etc.; also for the unlawful possession of a still to be used for that purpose. Upon arraignment they demanded a severance jointly, and were so tried separate and apart from the other persons charged in the indictment. They were convicted "as charged in the indictment," and were duly sentenced to serve an indeterminate term of imprisonment in the penitentiary. From the judgment of conviction pronounced and entered both appealed.

The trial developed a question of fact only, and the points of decision involved are predicated upon several rulings of the court upon the admission of evidence, and to which exceptions were reserved.

The corpus delicti was proven without controversy, and the only question upon the trial upon which there was a conflict in the evidence was as to the participation of these two appellants in the operation of the still. The jury decided this question adversely to defendants, and were amply justified by the evidence in so doing. None of the court's rulings complained of contain reversible error. The record itself is regular and without error. The judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.