151 So. 619

### McKENZIE v. STATE.

6 Div. 559.

Court of Appeals of Alabama.

Dec. 19, 1933.

St. John & St. John, of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was tried by the court and convicted for the offense of violating the prohibition law of the state by having in his possession certain alleged prohibited liquor.

The state relied for a conviction upon the evidence of two or three witnesses each of whom testified they went down into the woods with defendant and from a certain stump in the woods they obtained a fruit jar containing what some of them termed wine. On cross-examination of each of the witnesses they testified that the contents of the jar, which they drank, in appreciable quantities, was not intoxicating, that it was not fermented, and that it contained no alcohol. The evidence is without dispute that the contents of the jar in question was merely the fresh juice from blackberries raised upon appellant's place, and that said juice had been extracted from the berries on the Tuesday preceding the Saturday in question. The evidence also without dispute tended to show that the jar contained only the natural juice of the blackberries. That there was no sweetening of any kind in the blackberry juice, and, as before stated, it was not fermented, or intoxicating, and contained no alcohol whatever.

The rule is that, in reviewing the trial court upon questions of fact, based upon oral testimony, the appellate courts will review the conclusions reached, on the same basis that the verdict of a jury will be reviewed, when a motion is made to set aside the verdict as being contrary to the weight of the evidence. But in no case, on review, will an affirmance be ordered where either the finding of the trial court without a jury or the verdict of a jury is against the great weight or preponderance of the evidence and repugnant to good conscience and fairness. Such is this case. It is true that some of the witnesses designated the liquid in question as "wine." However, upon cross-examination of each of these witnesses, it affirmatively appeared that the designation of the blackberry juice as "wine" was but a mere conclusion and therefore insufficient to sustain the burden of proof resting upon the state.

In good conscience and fairness the conviction of this appellant, upon all the evidence in this case, should not obtain. The state failed to meet the necessary burden of

proof to sustain either of the several alternative averments in the indictment, and upon the evidence the accused was entitled to his discharge. In failing or refusing to so order the trial court was in error and the judgment of conviction from which this appeal was taken is reversed and the cause remanded. Anderson v. State, 20 Ala. App. 154, 101 So. 162; Grant v. State, 22 Ala. App. 475, 117 So. 1.

Reversed and remanded.