165 So. 787

### ABERNATHY v. STATE.
### 7 Div. 179.

Court of Appeals of Alabama.
Feb. 11, 1936.

Scott & Dawson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

There was found in the possession of defendant, at his filling station, a lot of beer. This beer was in pint bottles and labeled by the manufacturer, but there is nowhere in the testimony or on the labels on the bottles any evidence tending to show that the beer contained alcohol in any amount. This court cannot assume that it did. Anderson v. State, 20 Ala.App. 154, 101 So. 162; Sharp v. State, 22 Ala.App. 562, 118 So. 238.

Section 4615 of the Code is still the law except as it is modified by Act of the Legislature 1932, Ex.Sess., p. 56, which permits the possession of cereal beverages containing not more than one-half of 1 per cent. alcohol. One of the elements of the offense charged is that the beer should contain an alcohol content of more than one-half of 1 per cent. The burden of proving this is on the State, and this burden, under the evidence in this record, it failed to carry. Allbright v. State, ante, p. 2, 165 So. 259, certiorari denied, 231 Ala. 372, 165 So. 260.

The defendant was entitled to the affirmative charge.

It is but fair to say that in this conclusion the Attorney General concurs.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

RICE, Judge (dissenting).

It is not that it is simply not unlawful in this state to "sell or possess" cereal beverages containing "not more than ½ of one

per cent. of alcohol," but, in order for such "sale or possession" to be innocent, the seller or possessor must have complied with sections 1 and 2 of the act of the Legislature passed over the Governor's veto on October 6, 1932 (Gen.Acts Ala. Extra Session 1932, p. 56). Otherwise the law stands as written in Code 1923, § 4615.

It seems to me, the case against him being otherwise made out, that the burden of introducing testimony at least tending to show that he comes under the provisions of this act of 1932 ought to rest upon the defendant.

I therefore respectfully dissent from the holding of the majority.