186 So. 781

**BERRY v. STATE.**

**7 Div. 448.**

Court of Appeals of Alabama.

Feb. 21, 1939.

only, and not by his Christian name as the-law requires. There was no averment that his Christian name was to affiant unknown. However, no such plea was filed, and as a result of defendant's plea of "not guilty," jurisdiction of the person was conferred upon the court. This may be done under the law, i. e., jurisdiction of the person may be conferred by consent. Not so, however, as to jurisdiction of the subject matter.

The evidence in the case was confined solely to .the alleged possession, by defendant, of what was termed by the witnesses "home brew." No attempt was made by the State to offer proof of either of the other alternative charges or accusations in the indictment.

The State's witnesses testified that upon the occasion in question they secreted themselves behind a rock in the woods near defendant's field on a certain Sunday morning; that they saw the defendant in his corn field, where the corn was about waist high, and that they were some 50 to 75 yards away from the defendant when they saw him syphon some "home brew" from a jug, which was between two logs, into a bucket, and saw him carry the bucket back to his house. They testified they went immediately after him to his house and arrested him, but after a thorough search they found no home brew in or about defendant's house. Appellant designated the foregoing testimony as incredible and impossible and objected thereto, and moved its exclusion. The court, however, properly held that the testimony was for the jury to consider and determine, hence the exceptions reserved in this connection cannot be sustained.

It has frequently been held that the appellate courts do not judicially know that home brew is brewed or fermented liquor or beverage. Grant v. State, 22 Ala.App. 475, 117 So. 1; and in the case of Moody v. State, 23 Ala.App. 431, 126 So. 495, this court held: "Judicial notice is not taken that home brew is prohibited liquor."

Without properly qualifying two of the State's witnesses, they were allowed, over the objection and exception of defendant to testify that the home brew they found in a jug in defendant's field contained alcohol. As it appears in this record this testimony was mere conclusions upon the part of said two witnesses,

J. A. Johnson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Edw. B. Crosland, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was tried upon a complaint in the lower court for the offense of violating the State prohibition law, Code 1923, § 4656 et seq. Said complaint was, upon its face, defective and was subject to a plea in abatement, for that the accused was designated by his initials

448

and was improperly allowed. State's witness Edmondson was examined and was allowed to testify relative to the home brew, without any effort upon the part of the State to show by said witness that it was prohibited liquor or beverage. The defendant duly reserved exceptions to these rulings. These exceptions were well taken, and for the errors in this connection, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

. Reversed and remanded.