26 So.2d 536

BROWN v. STATE.

8 Div. 473.

Court of Appeals of Alabama.

June 11, 1946.

W. C. Rayburn, of Guntersville, for appellant.

Wm. N. McQueen, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

[1] 247 Ala. 585.

BRICKEN, Presiding Judge.

█ The prosecution in this case originated in the county court upon affidavit and warrant wherein the defendant was charged with the violation of the prohibition law, by having in his possession prohibited liquor. From a judgment of conviction in said court an appeal was taken to the circuit court where the defendant was again tried upon the original affidavit. This procedure is permissible.

Upon the trial in the circuit court the evidence tended to show that three law officers, shortly after dark on the day in question, concealed themselves near the home of appellant by hiding near a path that led from his home to a spring some 75 yards away. Two of said officers were examined by the State and one of them (Williamson) testified defendant ˙went above his house up the trail and got a quart of homebrew, and came back with it, and that Mr. Boyles took it from him. (Boyles was not used as a witness upon the trial.) Witness was asked, "Did it look like homebrew?" Ans: "Yes, it did." "Q. Smell like it had intoxicating liquor in it?" Ans: "It was just like all other homebrew; *tasted like it,* smelled like it and looked like it." "Q. *Did it taste like it?*" Ans. "Yes." And still on direct examination: "Q. Did any of you taste it?" Ans: *"I never tasted it. I did not see whether any of the rest did or not."* The remaining State witness in a cursory manner testified practically as did the first witness.

█ In this case, as in every prosecution for crime, the State, in order to secure and sustain a conviction, was under the burden to offer evidence sufficient to prove, beyond a reasonable doubt, every material allegation of the affidavit upon which the accused was being tried.

Our statutes define prohibited liquors. Title 29, Section 1, Code of Alabama 1940. Subsections (h) and (i) thereof are as follows:

"(h) 'Liquor' shall mean and include any alcoholic, spirituous, vinous, fermented, or other alcoholic beverage, or combination of liquors and mixed liquor, a part of which is spirituous, vinous, fermented, or otherwise alcoholic, and all drinks or drinkable liquids, preparations or mixtures intended for beverage purposes, which contain more than one-half of one percentum of alcohol by volume, except malt or brewed beverages of an alcoholic content not in excess of four percent by weight and five percent by volume, as specifically set out and defined in sub-sections (i) and (j) of this section.

"(i) 'Malt,' or 'Brewed Beverages,' means any beer, lager beer, ale, porter, or similar fermented malt liquor containing one-half of one percentum or more of alcohol by volume, by whatever name the same may be called."

█ It has been definitely held that possession of a liquid which is not suitable to be used as a beverage is not a violation of the law. Moody v. State, 23 Ala.App. 431, 126 So. 495, 496.

█ After a careful consideration of the evidence we are of the opinion that the State failed to meet the burden of proof necessary to a conviction, and that error prevailed in the action of the trial court ·in failing to so hold. This question is properly presented, and the insistences were made to the trial court in every conceivable manner; by motions to exclude the evidence; by asking the court to give the general affirmative charge; and, also upon motion for a new trial. Adverse rulings of the court in each instance appears, and proper exception reserved.

There was no evidence in the case that the quart jar of liquid found in possession of defendant was suitable to be used as a beverage; nor was there any evidence that said liquid contained alcohol sufficient to bring it within the inhibited terms or provision of the statute, supra.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded. Williams v. State, 30 Ala.App. 395, 6 So.2d 525; Grant v. State, 22 Ala.App. 475, 117 So. 1.

Reversed and remanded.