74 So.2d 727

### C. G. WRIGHT

v.

### STATE.

### 7 Div. 317.

Court of Appeals of Alabama.

Sept. 24, 1954.

W. M. Beck, Ft. Payne, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., Owen Bridges, of counsel, for the State.

690

PRICE, Judge.

Appellant was convicted of the offense of illegally possessing prohibited liquors.

The State's evidence tended to show that the searching officers found a gallon of home-brew in defendant's house; two partially filled jugs of home-brew in high weeds at the edge of his back yard; some freshly emptied beer cans in a box by the refrigerator and a sack of pints of white whiskey in a briar patch fifty to sixty yards from the house, across a public road.

Six or seven people, besides members of the family, were at the house and three or four cars drove up and drove away while the officers were there. Appellant was not at home but he arrived while the search was going on, and was arrested. He made no statement then but later claimed the jug found in the house contained apple juice.

The evidence on defendant's behalf was to the effect that he had spent the night at the home of his sick sister and returned home about 3:30 in the afternoon while the officers were still there. This was Saturday and pay day for the mill hands who worked at a saw mill operated by defendant and another, and several of these men were waiting there to be paid. The jug found in the house contained apple juice and defendant knew nothing about the whiskey found across the road a hundred yards from the house.

This testimony is not sufficient to connect defendant with the possession of the whiskey under the following authorities: Alford v. State, 26 Ala.App. 188, 155 So. 388; Campbell v. State, 28 Ala. App. 240, 182 So. 89; Riley v. State, 28 Ala.App. 389, 187 So. 247; Curlee v. State, 29 Ala.App. 393, 196 So. 747; Riddlespur v. State, 34 Ala.App. 431, 40 So.2d 640.

As to the evidence tending to prove possession of the home-brew, we simply quote from an opinion by Judge Samford in Grant v. State, 22 Ala. App. 475, 117 So. 1: "The courts do not judicially know that 'home-brew' is a brewed or fermented liquor or beverage. There was no evidence that the 'home-brew' had fermented, or that it contained alcohol, or that it was suitable to be used for beverage purposes. The statute is penal and cannot be extended by implication to embrace liquids not clearly described as being a prohibited liquor." See also Moody v. State, 23 Ala.App. 431, 126 So. 495; Berry v. State, 28 Ala.App. 446, 186 So. 781; Brown v. State, 32 Ala. App. 406, 26 So.2d 536.

The defendant was due the general affirmative charge as he requested, and the trial court must be held to be in error for its refusal.

Reversed and remanded.