84 So.2d 382

**Walter BEVELS**

v.

**STATE.**

**8 Div. 701.**

Court of Appeals of Alabama.

June 30, 1955.

Powell & Powell, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

By affidavit it was charged that within twelve months before the making of the affidavit this appellant did buy, sell, or possess prohibited liquors.

He was adjudged guilty by the court below and duly sentenced.

His motion for a new trial being overruled an appeal was perfected to this court.

In our opinion the court erred in denying appellant's motion for a new trial for the reason that the evidence is insufficient to support the judgment.

The evidence shows that in July 1954 several officers went to the home of the appellant. In his yard they uncovered three 10 gallon kegs or barrels containing a liquid.

As to the nature of this liquid Mr. Abercrombia testified that he could hardly describe its odor—it was very peculiar. It had a faint odor of whiskey, but smelled more like Chlorox than anything else. This witness stated he would not say it was fit for human consumption.

Mr. Sandlin testified that while some part of the liquid was "liquor" he did not think that a man in his right mind would drink it, and that it was not suitable for human consumption.

This was all the evidence presented by the State as to the character of the liquid found in the kegs.

Several witnesses with law enforcement experience testified for the defense to the effect that the liquid in the kegs was unfit for human consumption.

The possession of a liquid which is unsuitable to be used as a beverage is not a violation of law. Moody v. State, 23 Ala. App. 431, 126 So. 495; Brown v. State, 32 Ala.App. 406, 26 So.2d 536.

It is the clear purport of our statutes relating to intoxicating liquors that to come within the prohibition of such act the "liquor" must be drinkable, and intended for beverage purposes. Sec. 1(g), subd. 5, (h), Tit. 29, Code 1940.

Reversed and remanded.