290 So.2d 665

**Mary Lou LOGGINS**

v.

**STATE.**

**6 Div. 616.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

———◆———

John Self, Hamilton, for appellant.

William J. Baxley, Atty. Gen., and David Lee Weathers, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

A jury impaneled in the Circuit Court of Marion County convicted appellant-defendant of possessing prohibited liquors or beverages. The trial court imposed a fine of $500.00. This appeal is from a judgment of guilt and a judgment for the fine and court costs.

The prosecution originated in the Marion County Superior Court on information. After conviction in that court, the defendant appealed to the circuit court where the District Attorney filed a complaint upon which the case was tried de novo. The jury returned a verdict of guilt.

The prosecution was based on Title 29, § 98, Recompiled Code, 1958, which makes it unlawful for a person to possess alcoholic liquors or beverages. Title 29, § 99 makes such possession a misdemeanor, and subjects the guilty person to a fine not less than $50.00 and not more than $500.00 plus hard labor or jail sentence at the discretion of the trial judge.

The alleged possession was in Marion County which is a "dry county." This county never authorized the sale of alcoholic beverages under Title 29, Chapter 1, Recompiled Code, 1958. Chapter 3 of Title 29, including §§ 98 and 99, remains in full force and effect in that county. Williams v. State, 28 Ala.App. 73, 179 So. 915, cert. den., 235 Ala. 520, 179 So. 920; Holt v. State, 238 Ala. 2, 193 So. 89.

## I.

■ The trial court instructed the jury in its oral charge that "in the event of conviction * * * the judge of the court shall fix the punishment." This was a misstatement of law to which the defendant neither excepted nor objected. We cannot predicate error on this charge, but the fact that the trial court did fix the punishment by imposing a fine was prejudicial error.

Title 15, § 335, Recompiled Code 1958, reads:

> "In prosecution by indictment, the jury shall fix and determine the amount of the fine; and no judge shall remit or reduce the fine so fixed, unless he spreads his reasons for so doing in full on the minutes of the court."

■ The Supreme Court in Melton v. State, 45 Ala. 56, in referring to § 3757, Revised Code 1867, (appearing now as § 335, supra) said: "* * * although this case came into the circuit court by appeal, and was tried on a complaint, yet it is an indictable offense and in that court must be determined a prosecution by indictment."

The instant offense being indictable, the trial court fixed the fine without authority of law. In doing so, the court committed reversible error.

## II.

Appellant, in support of her pretrial motion to suppress, contends that the affidavit incident to the search warrant is conclusory and, hence, invalid. The affidavit reads:

> "Before me, *Edward P. Fowler,* Judge of the Marion County Superior Court,

Alabama, personally appeared *Billy Miles,* who being duly sworn, deposes and says that he had probable cause for believing and does believe that *Mary Lou Loggins* has prohibited liquors or beverages, consisting of *beer and whiskey* in his (sic) possession in, or about his (sic) premises, consisting of a frame house approx. 5 rooms all outbuildings and vehicles on the premises, located *approx. 5½ miles northeast of Detroit, Ala. approx. ½ miles east of Cooper Church, being some 50 yards west of road from Cooper Church to highway #17.*

"The facts and circumstances upon which such probable cause and belief are based are as follows:

(1) A reliable informer who has given me information in the past and who has been reliable, has informed me that there is illegal beverages in the house at this time.

(2) The affiant has received many complaints from reputable citizens in the past week to the effect that the suspect is bootlegging from or in said premises.

(3) I have personally observed the premises and noted that a large amount of cars go to and from this residence at variors (sic) times of the day and night, remain a short time, then leave with a package.

(4) The suspect has been convicted many times in Marion County for violation of the liquor law of Alabama. * * *"

We pretermit considering the validity of the search warrant, supported by the affidavit, supra. Our pretermission is prompted by our determination that the judgment of the trial court following the verdict of the jury must be reversed and the cause remanded.

In further considering the defendant's challenge of the search warrant, if the same occurs, we call the attention of the trial judge to court decisions as follows:

Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 637; Davis v. State, 286 Ala. 117, 237 So. 2d 640; Haynes v. State, 50 Ala.App. 96, 277 So.2d 372; Walker v. State, 49 Ala. App. 741, 275 So.2d 724, cert. den. 290 Ala. 371, 275 So.2d 732; McCray v. State, 50 Ala.App. 143, 277 So.2d 418; McCurdy v. State, 42 Ala.App. 646, 176 So.2d 53, cert. den., 278 Ala. 710, 176 So.2d 57; Clenney v. State, 281 Ala. 9, 198 So.2d 293.

### III.

The affidavit and search warrant were both admitted into evidence on the trial in chief before a jury, over the timely and appropriate objection of the defendant. The court erred in overruling defendant's objection and in admitting the affidavit and search warrant into evidence. Neither served any lawful purpose in the main trial.

The admission into evidence of the affidavit carried before the jury some hearsay evidence about what the informant told the sheriff about the presence of illegal beverages on the premises; also hearsay evidence about the complaints from reputable citizens that the defendant was bootlegging from or "in said premises." In addition, the affidavit presented evidence that the defendant had been convicted many times in Marion County of violation of the liquor law of Alabama.

 In the latter instance, evidence of prior convictions for violating liquor laws was not admissible. Evidence of another offense is not admissible if the only function is to show the particular character or, as sometimes expressed, to show defendant's inclinations or propensity to commit the type of crime for which he is being tried. McElroy, Law of Evidence, 2d Ed., Vol 1., p. 166; Brasher v. State, 249 Ala. 96, 30 So.2d 31; Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 854. There are certain exceptions to the rule not here relevant.

IV.

In view of the state of the evidence before the jury, the trial court did not err in refusing defendant's request in writing for the affirmative charge. We are not called upon at this time to say that the evidence, free of objectionable elements, was sufficient to establish a guilty scienter. That issue is not subject to determination at this time.

The judgment is due to be and the same is hereby reversed and remanded.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.