BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was convicted in the Circuit Court of Baldwin County, by a jury, on a complaint of the District Attorney, wherein appellant was charged with knowingly and willfully resisting a lawful arrest by a duly authorized peace officer for Baldwin County, to-wit, James B. Johnson, a Deputy Sheriff. Recompiled Code 1958, Title 14, § 402 reads:
“Any person who knowingly and wilfully opposes or resists any officer of the state or county or municipality in serving, executing, or attempting to serve or execute, any legal writ or process whatsoever, or who resists any lawful arrest, whether under process or not, shall, on conviction, be fined not less than fifty nor more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.”
The trial court fined him $250.00 and sentenced him to thirty days in the county jail.
This was an indictable offense thereby falling within the prohibition of Title 15, § 335, 1958 Recompiled Code:
“In prosecution by indictment, the jury shall fix and determine the amount of the fine; and no judge shall remit or reduce the fine so fixed, unless he spreads his reasons for so doing in full on the minutes of the court.”
See also our pronunciation in Loggins v. State, 52 Ala.App. 204, 290 So.2d 665, wherein we cited Melton v. State, 45 Ala. 56. We observed: „
“The Supreme Court in Melton v. State, 45 Ala. 56, in referring to § 3757, Revised Code 1867, (appearing now as § 335, supra) said: ‘ * * * although this case came into the circuit court by appeal, and was tried on a complaint, yet it is an indictable offense and in that court must be determined a prosecution by indictment.’
“The instant offense being indictable, the trial court fixed the fine without authority of law. In doing so, the court committed reversible error.”
We pretermit further discussion of this error.
It is to be noted that this prosecution originated in the Inferior Court of Baldwin County where defendant demanded a jury trial. The court thereupon rightly or wrongly transferred the proceedings to the circuit court for attention. The record does not indicate that he was tried in the Inferi- or Court.
The District Attorney, within the time allowed by law, prepared and filed an information to which no objection was interposed. This information charged the defendant with resisting a lawful arrest. The information comported with the statute, supra. However, the State failed to prove that the arrest was lawful. In fact it was not lawfully authorized because defendant was not carrying a concealed pistol. The State’s evidence (Tr. p. 7) shows that the pistol was in a scabbard or holster, worn on the side and was not covered.
We call attention to Title 14, § 175, Recompiled Code 1958, which reads:
“No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.”
It is to be observed that this law prohibits carrying a pistol (concealed or not) in any vehicle or “concealed on or about his person, except . . . without a license therefor . .” It does not prohibit an unconcealed pistol. Acts 1956, 2d Session, No. 43, p. 336.
It is immaterial that defendant did or did not have a pistol permit. He had a right to carry the pistol unconcealed at the time and place of arrest. Defendant was under no duty to submit to any other than a lawful arrest. Brown v. State, 109 Ala. 70, 20 So. 103, from which we quote:
*419 “. . . It is not the duty of the citizen to submit to any other than a lawful arrest. It has been said, the duty ‘is found in the law side by side with the right of resistance to an unlawful one; and it is quite as important that no one should be unlawfully taken as that every one lawfully accused should be made to answer.’ . . . It is not intended that he [should] yield his person and liberty to the dominion of even a known public officer, certainly not to one unknown, upon his mere demand, who gives no information of his authority. If this were not true, no man would be safe from invasions of his personal liberty, and unlawful arrests would be made effectual. .. . ”
See also Tarwater v. State, 16 Ala.App. 140, 75 So. 816(2), citing Brown, supra.
The trial court committed reversible error in denying defendant’s motion to exclude the State’s evidence when the State rested.
In view of the evidence of the arresting officer, adduced by the State, we see no point in another trial. The judgment is reversed and the cause is rendered. The defendant is discharged.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
All the Judges concur.