BOWEN W. SIMMONS, Retired Circuit Judge.
An information filed by the district attorney in the circuit court charged appellant-defendant with selling malt or brewed beverage, to-wit: beer, without being licensed to do so under Title 29, § 36, Code of Ala. 1940, contrary to law and against the peace and dignity of the State of Alabama. A jury returned a verdict of guilty, and the court (not the jury) assessed a fine of $250 following a proper judgment of guilt. Appellant appeals.
It appears that the alleged offense took place in September 1977 and was in violation of law that obtained prior to the effective date of the Alabama Code of 1975.
At the time of the offense, Baldwin County, which had jurisdiction, was a wet county. Title 29, Chapter 1, §§ 1-92, had application.
Title 29, § 1, Code of Ala. 1940, sets forth a series of definitions of which subsection (i) reads:
“ ‘Malt,’ or ‘Brewed Beverages’ means any beer, lager beer, ale, porter, or similar fermented malt liquor containing one-half of one percentum or more of alcohol by volume, by whatever name the same may be called.”
Section 36 of Chapter 1, supra, contains a series of subsections that define unlawful acts. Among them is subsection (10) which states it shall be unlawful:
“For any person, firm, corporation, partnership or association of persons as such terms are defined in section 1, Title 29, Code of Alabama 1940, who has not been licensed so to do under the appropriate provisions of Title 29, Code of Alabama 1940, to sell, offer for sale or have in possession for sale, any liquor, or malt or brewed beverages as those terms are defined in section 1, Title 29, Code of Alabama 1940.”
It was agreed that appellant-defendant did not have a license to sell malt or brewed beverages.
It is to be noted that the State put up only two witnesses; namely, Harry Kear-ley, an A. B. C. enforcement agent, and Mike Judge, district supervisor for the A. B. C. Board. The court in its oral charge excluded all the testimony of Mike Judge, but left in the testimony of Harry Kearley.
It appears that defendant, after the State rested, made a motion for a directed verdict. The motion was denied.
We have examined the testimony of the State’s only witness, Mr. Kearley, and we fail to find any testimony that brings the malt or brewed beverage allegedly sold to defendant within the definition of Title 29, Section l(i), supra.
*367 We observed in Brown v. State, 32 Ala.App. 406, 26 So.2d 536(2) as follows:
“In this case, as in every prosecution for crime, the State, in order to secure and sustain a conviction, was under the burden to offer evidence sufficient to prove, beyond a reasonable doubt, every material allegation of the affidavit upon which the accused was being tried.
“Our statutes define prohibited liquors. Title 29, Section 1, Code of Alabama 1940. Subsections (h) and (i) thereof are as follows:
* * * * * *
“ ‘Malt,’ or ‘Brewed Beverages’ means any beer, lager beer, ale, porter, or similar fermented malt liquor containing one-half of one percentum or more of alcohol by volume, by whatever name the same may be called.’
“It has been definitely held that possession of a liquid which is not suitable to be used as a beverage is not a violation of the law. Moody v. State, 23 Ala.App. 431, 126 So. 495, 496.”
In other words, the State failed to prove that the beer allegedly sold contained one-half of one percentum or more of alcohol by volume. For aught appearing, the defendant did not have to be licensed to make such sale that allegedly was made.
In the event of another trial and conviction, it is to be noted that the trial court is not authorized to impose a fine not fixed or assessed by the jury. See Title 15, § 335, Code of Alabama 1940. We quote:
“In prosecution by indictment, the jury shall fix and determine the amount of the fine; and no judge shall remit or reduce the fine so fixed, unless he spreads his reasons for so doing in full on the minutes of the court.”
The offense here involved was indictable and thus made subject to Title 15, § 335, supra. It matters not that the prosecution was by information. See: Loggins v. State, 52 Ala.App. 204, 290 So.2d 665, wherein we cited Melton v. State, 45 Ala. 56. We said:
“The Supreme Court in Melton v. State, 45 Ala. 56, in referring to § 3757, Revised Code 1867, (appearing now as § 335, supra) said: ‘ * * * although this case came into the circuit court by appeal, and was tried on a complaint, yet it is an indictable offense and in that court must be determined a prosecution by indictment.’ ”
Because of failure of proof with respect to the alcoholic content of the alleged beer, we hold that the judgment should be reversed and the cause remanded for such lawful disposition as may be appropriate. It is so ordered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.